IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 19-00038 |
| | ) | |
| CHU-CHUANG "KEVIN" HO, and | ) | |
| | ) | |
| ATRIA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

Plaintiff, the United States of America, through its undersigned attorneys, hereby brings this action against CHU-CHIANG "KEVIN" HO and ATRIA CORPORATION (ATRIA) jointly and severally, and alleges the following:

1. The United States initiates this action on behalf of U.S. Customs and Border Protection (CBP), to recover (1) a penalty in the amount of $1,900,710, pursuant to 19 U.S.C. § 1592(c)(1); or alternatively, (2) a penalty in the amount of $760,284.00, pursuant to 19 U.S.C. § 1592(c)(2); or alternatively, (3) a penalty in the amount of $380,142.00, pursuant to 19 U.S.C. § 1592(c)(3), relating to two entries of illegal HID Ballasts and equipment.

## Jurisdiction

2. This Court possesses exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1582.

## Defendants

3. ATRIA was a California company incorporated on May 11, 2011, with a principal business address of 3025 Belmont Terrace, Fremont, California.  ATRIA claimed that it was a manufacturing/distribution company that focused upon the distribution of indoor and warehouse lighting products.

4. HO was a California resident and was ATRIA's owner and director.

**Summary of Factual Basis**

5. High-intensity discharge (HID) headlight conversion kits are headlight equipment installed in automobiles to emit a high-intensity light. HID headlight conversion kits are prohibited from importation into the United States because they violate Department of Transportation safety laws, including those promulgated at 49 C.F.R. § 571.108, as they emit much brighter light than conventional headlights and create a public safety hazard.

6. On March 20, 2014, ATRIA and HO attempted to enter, or attempted to cause to be entered, into the United States one entry of HID headlight conversion kits through the Area Port of San Francisco identified by entry number D53-141064604-0l, with the intention that this merchandise be entered into United States commerce.

7. ATRIA and HO declared, or caused to be declared, that the subject HID headlight conversion kits (entry number D53-141064604-0l) were classifiable under subheading 8504.40.9570 (inverters) of the Harmonized Tariff Code of the United States (HTSUS), knowing that this declaration was not true.

8. On March 29, 2014, ATRIA and HO attempted to enter, or attempted to cause to be entered, into the United States one entry of HID headlight conversion kits through the Area Port of San Francisco identified by entry number D53-1410799-0l, with the intention that this merchandise be entered into United States commerce.

9. ATRIA and HO declared, or caused to be declared, that the subject HID headlight conversion kits (entry number D53-1410799-0l) were classifiable under subheading 8504.40.9570 (inverters) of the HTSUS, knowing that this declaration was not true.

10. ATRIA and HO also submitted, or caused to be submitted, to CBP documents which falsely described the HID headlight conversion kits as ballasts for interior track lighting fixtures.

11. The false declarations and statements submitted, or caused to be submitted, by ATRIA and HO, were intended to affect determinations made by CBP concerning the admissibility of the merchandise into United States commerce.

## Pre-Penalty and Penalty Notices

12. On or about June 8, 2018, CBP issued ATRIA and HO pre-penalty notices proposing a penalty in the amount of $1,900,710.00, the calculated domestic value of the two entries of HID headlight conversion kits, with a level of culpability of fraud. The pre-penalty notice also alleged gross negligence and negligence in the alternative.

13. Neither ATRIA nor HO responded to the CBP pre-penalty notice.

14. On June 21, 2018, CBP issued ATRIA and HO a penalty notice in the amount of $1,900,710.00 at a level of culpability of fraud, alleging gross negligence and negligence in the alternative.

15. Neither ATRIA nor HO submitted a response to the CBP penalty notice.

16. Neither ATRIA nor HO paid any of penalty owed. Accordingly, CBP has exhausted all administrative remedies.

## COUNT I

17. The allegations contained in paragraphs one through 16 are restated and incorporated by reference.

18. The acts described in paragraphs five through 11 were committed as the result of fraud by ATRIA and HO, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

19. By reason of this fraud, pursuant to 19 U.S.C. § 1592(c)(1), ATRIA and HO are jointly and severally liable to the United States for a penalty in the amount of $1,900,710.00. The penalty is equal to the domestic value of the two entries of HID headlight conversion kits made on March 20, 2019, and March 29, 2019.

## COUNT II

20. The allegations contained in paragraphs one through 16 are restated and incorporated by reference.

21. Alternatively, the acts described in paragraphs 5 through eleven were the result of gross negligence by ATRIA and HO, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

22. By reason of these grossly negligent violations, pursuant to 19 U.S.C. § 1592(c)(2), ATRIA and HO are jointly and severally liable to the United States for a penalty in the amount of $760,284.00. The penalty is equal to 40 percent of the domestic value of the two entries of HID headlight conversion kits made on March 20, 2019, and March 29, 2019.

## COUNT III

23. The allegations contained in paragraphs one through 16 are restated and incorporated by reference.

24. Alternatively, the acts described in paragraph 6 were the result of gross negligence by ATRIA and HO in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

25. By reason of these negligent violations, pursuant to 19 U.S.C. § 1592(c)(3), ATRIA and HO are jointly and severally liable to the United States for a penalty in the amount of $380,142. This penalty is equal to 20 percent of the domestic value of the two entries of HID headlight conversion kits made on March 20, 2019, and March 29, 2019.

**PRAYER FOR RELIEF**

**WHEREFORE**, the United States respectfully requests that the Court enter judgment against CHU-CHUANG "KEVIN" HO and ATRIA CORPORATION, jointly and severally, for:

Count 1:  violations of section 1592(A) & (B), at a culpability level of fraud, in the amount of  $1,900,710.00 in penalties, pursuant to 19 U.S.C. § 1592(c)(1), plus such other relief as may be just and appropriate; or alternatively,

Count 2:  violations of section 1592(A) & (B) at a culpability level of gross negligence, in the amount of $760,284.00 in penalties, pursuant to 19 U.S.C. § 1592(c)(2), plus such other relief as may be just and appropriate; or alternatively,

Count 3:  violations of section 1592(A) & (B) at a culpability level of negligence, in the amount of $380,142.00 in penalties, pursuant to 19 U.S.C. § 1592(c)(3), plus such other relief as may be just and appropriate.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. MCCARTHY
Assistant Director

*/s/ William Kanellis*
WILLIAM KANELLIS
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW, Suite 10000
Washington, D.C.  20009
202 598 5243

Attorneys for Plaintiff

OF COUNSEL:
BRIAN P. BEDDINGFIELD
Staff Attorney
U.S. Customs and Border Protection
Office of the Assistant Chief Counsel
555 Battery Street, Suite 116
San Francisco, CA 94111

March 19, 2019