Slip Op. 20-66

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **UNITED STATES,** |  |
| Plaintiff, |  |
| v. | Before: Timothy M. Reif, Judge |
| **CHU-CHIANG "KEVIN" HO,** | Court No. 19-00038 |
| and |  |
| **ATRIA CORPORATION,** |  |
| Defendants. |  |

## <u>OPINION</u>

[Quashing plaintiff's service of process upon defendant, denying defendant's motion to dismiss pursuant to USCIT Rule 12(b)(1), and extending the time period for plaintiff to effect service of process pursuant to USCIT Rule 4(l).]

Dated: May 15, 2020

<u>William George Kanellis</u>, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C. for plaintiff.  With him on the brief were <u>Joseph H. Hunt</u>, Assistant Attorney General, <u>Robert E. Kirschman, Jr.</u>, Director and <u>Patricia M. McCarthy</u>, Assistant Director.

<u>Elon A. Pollack</u> and <u>Kayla R. Owens</u>, Stein Shostak Shostak Pollack & O'Hara, LLP, of Los Angeles, CA for defendant.

"We are all honorable men here, we do not have to give each other assurances as if we were lawyers." — Mario Puzo.[1]

* * *

Reif, Judge: The United States of America ("Government" or "plaintiff") brings this enforcement action against Atria Corporation ("Atria") and Chu-Chiang "Kevin" Ho ("defendant") (together, "defendants") to recover penalties pursuant to 19 U.S.C. § 1592 (2012).[2]  Defendant requests that the United States Court of International Trade ("USCIT" or "CIT") dismiss the Government's complaint against him in his individual capacity pursuant to USCIT Rules 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6). Memorandum in Support of Defendant's Motion to Dismiss, ECF No. 4 ("Def. Mot. Dis.").  Mr. Ho claims that: (1) the court lacks subject matter jurisdiction because plaintiff failed to exhaust its administrative remedies; (2) the court lacks personal jurisdiction over Mr. Ho due to insufficient service of process; and, (3) plaintiff fails to state a claim upon which relief can be granted.  Def. Mot. Dis. at 1.

After review of the filings and applicable law, this court quashes plaintiff's service of process upon defendant and orders that plaintiff properly serve defendant within 60 days of this Order.  The court also denies defendant's motion to dismiss pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction.[3]  However, it is premature for

---

[1] Francis Ford Coppola, THE GODFATHER NOTEBOOK (1969).

[2] All references to the United States Code are to the 2012 edition, unless otherwise stated.

[3] "A court presented with a motion to dismiss under both Fed.R.Civ.P. 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction."

the court to rule on defendant's motions to dismiss pursuant to USCIT Rules 12(b)(2),

12(b)(5) and 12(b)(6), because of the extension of time for service of process granted

herein.  Until service is effected, the court does not have personal jurisdiction over

defendant.  "Not only does logic compel initial consideration of the issue of jurisdiction

over the defendant — a court without such jurisdiction lacks power to dismiss a

complaint for failure to state a claim."  *I Mark Marketing Servs., LLC v. Geoplast S.p.A*,

753 F. Supp. 2d 141, 149 (D.D.C. 2010) (citation omitted).  Thus, at this time, the court

"lacks power to dismiss a complaint for failure to state a claim" pursuant to USCIT Rule

12(b)(6).  *Id.* (referring to the analogous FRCP 12(b)(6)); *see also Norberg v. Shutterfly,*

*Inc.*, 152 F. Supp. 3d 1103, 1104 (N.D. Ill. 2015) ("[I]f there is no *in personam*

jurisdiction the Court will be unable to reach the Rule 12(b)(6) matter.").

## <u>Subject Matter Jurisdiction</u>

### BACKGROUND

On March 19, 2019, the Government filed a complaint against Mr. Ho and Atria

for violations of 19 U.S.C. § 1592.  Complaint, ECF No. 2 ("Compl.").  Mr. Ho was the

owner and director of Atria, a California company that claims to have manufactured and

distributed indoor and warehouse lighting products.  Compl. ¶¶ 3-4.  In March 2014,

defendants Atria and Mr. Ho are alleged to have "attempted to enter, or attempted to

cause to be entered, into the United States" HID headlight conversion kits falsely

described as ballasts for interior track lighting fixtures.  *Id.* ¶¶ 5-9.  HID kits are

---

*Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*, 915 F. Supp. 2d
574, 588 (S.D.N.Y. 2013) (quoting *Homefront Organization, Inc. v. Motz*, 570 F. Supp.
2d 398, 404 (E.D.N.Y. 2008) (internal quotation marks omitted)).

prohibited from importation into the United States because they violate U.S. Department

of Transportation safety laws.  *Id.* ¶ 5.  Atria and Mr. Ho are alleged to have "submitted,

or caused to be submitted, to Customs documents which falsely described the HID

headlight conversion kits as ballasts for interior track lighting fixtures."  *Id.* ¶ 10.

In June 2018, United States Customs and Border Protection ("Customs") issued

pre-penalty notices to Atria and Mr. Ho.  *Id.* ¶ 12.  Two weeks later, Customs issued a

penalty notice to both Mr. Ho and Atria at "all addresses known to be associated with

[Mr. Ho]" — in Fremont, California and Milpitas, California — and to Atria's corporate

address in Irvine, California.  *Id.* ¶¶ 14, 15.  One of the three penalty notices was

returned undelivered.  ECF No. 7, Ex. 1 ¶ 7, 8.  While Mr. Ho acknowledges receipt of

the pre-penalty notice at the Fremont, California address, Compl. ¶ 15, Mr. Ho claims to

have "never received any penalty notice from U.S. Customs and Border Protection in

this matter," ECF No. 4, Ex. 3 ¶ 4, including at the Fremont, California address.

## STANDARD OF REVIEW

Adjudication of a case before the court is not proper unless the court has subject

matter jurisdiction over the claims presented.  *See Steel Co. v. Citizens for a Better

Env't*, 523 U.S. 83, 94-95 (1998).  Like all federal courts, this Court is one of limited

jurisdiction.  It is thus "presumed to be 'without jurisdiction' unless 'the contrary appears

affirmatively from the record.'"  *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313,

1318 (Fed. Cir. 2006) (quoting *King Iron Bridge & Mfg. Co. v. Otoe Cty.*, 120 U.S. 225,

226 (1887)).   "[W]hen a federal court concludes that it lacks subject-matter jurisdiction,

the complaint must be dismissed in its entirety."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500,

514 (2006); s*ee Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 424 (E.D.N.Y. 2017) (quoting

5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1353 (3d. ed.)) ("A federal court's

entertaining a case that is not within its subject matter jurisdiction is no mere technical

violation . . .").  The party invoking jurisdiction must "allege sufficient facts to establish

the court's jurisdiction," *Milecrest Corp. v. United States*, 41 CIT __, __, 264 F. Supp. 3d

1353, 1362 (2017) (citations omitted), and, therefore, "bears the burden of establishing

it."  *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006)

(citations omitted).  When deciding a motion to dismiss for lack of subject matter

jurisdiction, "[t]he court must draw all reasonable inferences in favor of the non-movant.

*Milecrest Corp.*, 264 F. Supp. at 1362.

## LEGAL FRAMEWORK

This Court has exclusive jurisdiction over actions by the United States to recover

penalties imposed for a violation of 19 U.S.C. § 1592.  28 U.S.C. § 1582(1).  The Court,

"where appropriate, shall require the exhaustion of administrative remedies."  *Id.* §

2637(d).  Under the doctrine of exhaustion of administrative remedies, "no one is

entitled to judicial relief for a supposed or threatened injury until the prescribed

administrative remedy has been exhausted."  *United States v. Int'l Trading Servs., LLC*,

40 CIT __, __, 190 F. Supp. 3d 1263, 1269 (2016).

This Court has found that to exhaust its administrative remedies, Customs "must

perfect its penalty claim in the administrative process . . .  by issuing a pre-penalty

notice and a notice of penalty."  *Int'l Trading Servs., LLC*, 190 F. Supp. 3d at 1269.  The

pre-penalty notice must include certain information.  19 U.S.C. § 1592(b).  Upon finding

a violation, Customs also "shall issue a written penalty claim."  *Id.* § 1592(b)(1).  The

penalty claim "shall specify all changes in the information" provided in the pre-penalty

notice and provide a "reasonable opportunity . . . to make representations, both oral and

written."  *Id.*

However, "[i]t is [] well established that § 2637(d) grants the court the discretion

to waive § 1592(b) exhaustion in appropriate circumstances."  *United States v. Nitek*

*Elecs., Inc.*, 36 CIT __, __, 844 F. Supp. 2d 1298, 1303 (2012).  The exhaustion of

administrative remedies is not "strictly speaking a jurisdictional requirement."  *United*

*States v. Rotek, Inc.*, 22 CIT 503, 508 (1998) (citations omitted).  Thus, "the court must

focus not on a rigid application of the agency's regulations, but rather, on whether the

defendant was afforded sufficient opportunity to be heard so as to justify the court's

retention of jurisdiction without further exhaustion of the administrative remedies."  *Id.*

## DISCUSSION

## I.    Positions of the Parties

Defendant moves to dismiss for lack of subject matter jurisdiction on the basis

that plaintiff failed to exhaust its administrative remedies.  Def. Mot. Dis. at 1.  Mr. Ho

claims that while the Government alleges to have issued a notice of penalty on June 21,

2018, Compl. ¶ 14, Mr. Ho claims to have never in fact received the notice.  ECF No. 4,

Ex. 3 ¶ 4.

The purpose of "issu[ing] a written penalty claim" is both to "specify all changes in

the information" provided in the pre-penalty notice as well as to provide "a reasonable

opportunity . . . to make representations, both oral and written."  19 U.S.C. § 1592(b)(2).

It is on that basis that Mr. Ho argues that "he did not have a reasonable opportunity to

be heard so as to justify the Court's retention of jurisdiction in this case."  Def. Mot. Dis.

at 10.  Customs "must perfect its penalty claim in the administrative process . . . by

issuing a pre-penalty notice *and* a notice of penalty," Mr. Ho argues to the court.

Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF No. 8

("Def. Rep.") at 9 (citing *Int'l Trading Servs., LLC*, 190 F. Supp. 3d at 1269).  Defendant

submits that proximity to the expiration of the statute of limitations rendered the

circumstance "exceptional" such as to require the use of certified mail and/or Federal

Express appropriate.  Def. Rep. at 9.  "Because Customs was behind its own deadline .

. . such a circumstance would be considered 'exceptional.'"  *Id.*

　　　　The Government argues that subject matter jurisdiction is proper on the basis

that CBP exhausted its administrative remedies as required under 19 U.S.C. §

1592(b)(2).  Pl. Opp. Mot. at 5-8.  The Government argues that administrative remedies

were exhausted because Customs issued a penalty notice, and the "mailbox rule"

presumes that it was received by Mr. Ho.[4]  *Id.* at 5-6.  The penalty notice was mailed to

Mr. Ho and Atria at three different addresses, and only one of the notices was returned

---

[4] The mailbox rule is a tool used to determine – when evidence is inconclusive –
whether or not receipt has been accomplished.  It instructs that:

> if a letter properly directed is proved to have been either put into the post office or
> delivered to the postman, it is presumed, from the known course of business in
> the post office department, that it reached its destination at the regular time, and
> was received by the person to whom it was addressed.

*Rios v. Nicholson*, 490 F.3d 928, 930–31 (Fed. Cir. 2007) (quoting *Rosenthal v. Walker*,
111 U.S. 185, 193 (1884)).

undelivered.  ECF No. 7, Ex. 1 ¶¶ 5-8.  Moreover, Mr. Ho admitted to receipt of the pre-

penalty notice at one of the same addresses to which the penalty notices were sent.  Pl.

Opp. Mot. at 6.  In the alternative, the Government argues that defendant here had

sufficient opportunity to be heard based on receipt of the pre-penalty notice so that

jurisdiction is proper without exhaustion of administrative remedies.  *Id.* at 7.

## II.    Analysis

Defendant's claim that this Court lacks subject matter jurisdiction fails because

Customs exhausted its administrative remedies by following the procedure for issuance

of both pre-penalty and penalty notices specified under 19 U.S.C. § 1592.  Even if

exhaustion were a matter of jurisdiction, the court finds that Customs exhausted

administrative remedies in this case.

This Court has found that to exhaust its administrative remedies, Customs must

issue a pre-penalty notice and a notice of penalty.  *Int'l Trading Servs., LLC*, 190 F.

Supp. 3d at 1269.  Here, evidence offered by the Government demonstrates that

Customs adhered to the administrative process.  Notwithstanding defendant's allegation

that he did not receive a copy of the penalty notices, Customs issued both notices as

required by 19 U.S.C. § 1592(b).  As discussed above, copies of the penalty notice

were mailed to Mr. Ho and Atria at three separate addresses (including the address at

which Mr. Ho confirmed receipt of the pre-penalty notice), and only one mailing was

returned undelivered.  ECF No. 7, Ex. 1 ¶¶ 5-8.  The "mailbox rule" presumes that Mr.

Ho received the penalty notice.  *See Rios*, 490 F.3d at 930-31.

Customs' standard process is to send notices by regular mail, *Id.* ¶ 4, but Mr. Ho

would like the court to find the Government at fault in this case for Customs' failure to

employ special mail procedures.  Whether or not use of regular mail was proper in this

case, "[p]rocedural errors by Customs are harmless unless the errors are 'prejudicial to

the party seeking to have the action declared invalid.'"  *Am. Nat'l Fire Ins. Co. v. United*

*States*, 30 CIT 931, 942, 441 F. Supp. 2d 1275, 1287 (2006) (quoting *Sea-Land Serv.,*

*Inc. v. United States*, 14 CIT 253, 257, 735 F. Supp. 1059, 1063 (1990)).  Any such

harmless error here would not justify dismissal of the complaint.

Even assuming *arguendo* that Mr. Ho never received the notice, dismissal for

lack of subject matter jurisdiction would not be appropriate here.  Since Mr. Ho "was

afforded sufficient opportunity to be heard," *Rotek, Inc.*, 22 CIT at 508, a waiver of the

exhaustion requirement would be warranted based on the circumstances.

Whether a defendant has sufficient opportunity to be heard depends on whether

defendant has notice of the allegations against him, *id.*; notice may be actual or

constructive.[5]  Defendant has not made a sufficient showing that he did not have not

have a reasonable opportunity to be heard in this case.  Customs sent the first pre-

penalty notice for this case on June 8, 2018, Compl. ¶ 12, and Mr. Ho confirmed receipt

of this notice.  ECF No. 4, Ex. 1 ¶ 3.  As the Government points out, Pl. Opp. Mot. at 6-

7, over six months elapsed from the issuance of the pre-penalty notice to the filing of

---

[5] A defendant "has constructive notice if she 'was or should have been aware that under
certain circumstances she could be held accountable' for customs penalties owed by a
corporation."  *United States v. KAB Trade Co.*, 21 CIT 297, 300 (1997) (quoting *United
States v. Priority Products, Inc.*, 793 F.2d 296, 301 (Fed. Cir. 1986)).

this lawsuit, providing Mr. Ho "ample opportunity to participate at the administrative

level." *United States v. KAB Trade Co.*, 21 CIT 297, 301 (1997) (defendant had "ample

opportunity" when more than two years elapsed from the date of the pre-penalty notice

to the beginning of the enforcement action).  Since a pre-penalty notice was issued, Mr.

Ho "had constructive — if not actual — notice of the administrative proceedings and the

potential for his personal liability."  *Int'l Trading Servs., LLC*, 190 F. Supp. 3d at 1271.

Record evidence shows that Mr. Ho "was or should have been aware" of the allegations

against him.  *KAB Trade Co.*, 21 CIT at 300.

  In sum, Mr. Ho was provided notice of the allegations against him as required by

the statute.  Accordingly, his argument that Customs failed to exhaust administrative

remedies lacks merit and this Court has jurisdiction over the claim.  Even if

administrative remedies were not exhausted, the circumstances indicate that Mr. Ho

had a sufficient opportunity to be heard.

<u>**Service of Process and Personal Jurisdiction**</u>

**BACKGROUND**

  It is uncontested that on April 8, 2019, Mr. Ho was served at his residence in

Fremont, California by Timothy Ault, the Government's process server.[6]  However, Mr.

Ho was served with two copies of the complaint only (one for himself and one for the

company) and no summons.  ECF No. 4, Ex. 1 ¶ 5.  Plaintiff's Sur-Reply in Support of

---

[6] According to Mr. Ault's declaration of service, he has been a registered process server since 1992, during which time he has completed service between 7,000 and 8,000 times per year, on average.  ECF No. 14, Ex. 2 ¶ 1.  According to Mr. Ault, "[i]t is extremely rare that defendant [sic] that I have served claims to have not been served. There were 5 claims in all of 2018."  *Id.*

Its Opposition to Defendant's Motion to Dismiss, ECF No. 20 ("Pl. Sur-Rep.") at 3.  The

Government thus sought to serve Mr. Ho again to cure this defect in the initial attempted

service.  The Government claims that Mr. Ault attempted to serve Mr. Ho on May 27,

28, 29, and 30, 2019, including attempts early in the morning and late in the evening,

but, according to Mr. Ault, there was no answer at the residence for any of those

attempts.  Pl. Sur-Rep. at 4.

The Government claims that Mr. Ault was finally able to effect service of process

on June 1, 2019.  *Id.* at 9-11.  To support this claim, the Government relies on the

account of Mr. Ault — who claims that he personally effected service when he "left [the

documents] on the ground in [Mr. Ho's] presence," ECF No. 14, Ex. 2 ¶ 4 — as well as

video footage from outside Mr. Ho's residence.  Exhibit A to Declaration of Kevin Ho,

ECF No. 9.  However, defendant contests this assertion by providing evidence that

defendant was away from his residence at this time, thus precluding the possibility that

service was effected pursuant to USCIT Rule 4(d).  Def. Opp. Mot. at 5-8.  Defendant

also denies that video footage supports the Government's claim because the only

person to appear in them is Mr. Ault himself.  *Id.*

## STANDARD OF REVIEW

USCIT Rule 12(b)(5) allows a defendant to seek dismissal for insufficient service

of process.  A party filing a motion under USCIT Rule 12(b)(5) "is essentially contesting

the manner in which process of service was performed."  *Ramirez De Arellano v.*

*Colloides Naturels Int'l*, 236 F.R.D. 83, 85 (D.P.R. 2006) (describing a motion to dismiss

for insufficient service of process under the analogous FRCP 12(b)(5) rule).

Specifically, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."  5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1353 at 340 (3d. ed.).

Once the sufficiency of service of process is challenged, the burden shifts to plaintiff to prove proper service.  *Lopez v. Municipality Dorado*, 979 F.2d 885, 887 (1st Cir. 1994).  In the case of a factual dispute regarding service, a judge may make factual findings necessary to resolve motions to dismiss for lack of personal jurisdiction and ineffective service of process.  *See, e.g.*, *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (personal jurisdiction); 5B Wright & Miller, *supra* § 1353 at 340, 345 (stating that "the defense of improper service of process involves a matter in abatement and does not go to the merits of the action" and that any "factual question raised by the affidavits or other evidence presented on . . . a Rule 12(b)(5) motion should be determined by the district court").

When the validity of service of process is unclear, "the simplest solution . . . is to quash [service of] process and allow the plaintiff another opportunity to serve the defendant."  5B Wright & Miller, *supra*, § 1354.  *See also Bakhshi v. McCleod-Wilson*, No. 03-5592, 2006 U.S. Dist. LEXIS 58305, at *1 (E.D.N.Y. Aug. 10, 2006) ("[t]he remedy for service of a defective summons is to quash service of process — not to dismiss the action").  In doing so, the Court has the "discretion to order conditions, including time constraints, within which the plaintiff may make [another] attempt at service."  5B Wright & Miller, *supra*, § 1354.

## LEGAL FRAMEWORK

### I.   Effective Service of Process

USCIT Rule 4(d) governs the methods of service of process in this action.  Rule

4(d)(2)(A) specifically prescribes that "an individual . . . may be served in a judicial

district of the United States by . . . delivering a copy of the summons and complaint to

the individual personally."  Rule 4(d)(1) also allows for service to be effected by

"following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where service is made."  In this case, that state is California.

California Code of Civil Procedure § 415.10 mirrors USCIT Rule 4(d)(2)(A), stating that,

"A summons may be served by personal delivery of a copy of the summons and of the

complaint to the person to be served.  Service of a summons in this manner is deemed

complete at the time of such delivery."

California courts have long held that, pursuant to the California rule, a party may

not evade service by physically refusing it.  For example, California courts will not permit

a defendant "to defeat service by rendering physical service impossible."  *Khourie v.*

*Sabek, Inc.*, 220 Cal. App. 3d 1009, 1013 (1990).  More specifically:

> [W]hen [people] are within easy speaking distance of each other and facts occur
> that would convince a reasonable [person] that personal service of a legal
> document is being attempted, service cannot be avoided by denying service and
> moving away without consenting to take the document in hand.

*In re Application of Ball*, 2 Cal. App. 2d 578, 579 (1934).  In such a case, in which the

person being served declined to accept the documents offered, service may be made

merely by depositing the documents in some appropriate place where they would be

most likely to come to the attention of the person being served."  *Crescendo Corp. v.*

*Shelted, Inc.*, 267 Cal. App. 2d 209, 212 (1968).[7]

Finally, federal courts may not exercise personal jurisdiction over a defendant

until "the procedural requirements of service [are] satisfied."  *Nuance Communications,*

*Inc. v. Abby Software House, et al.*, 626 F.3d 1222, 1236 (Fed. Cir. 2011) (citing *Omni*

*Capital Int'l Ltd. v. Rudolff Wolff & Co.*, 484 U.S. 97, 104 (1987)).  "[A]ctual notice alone"

will not suffice.  *Osrecovery, Inc. v. One Group Int'l, Inc. et al.*, 234 F.R.D. 59, 60-61

(S.D.N.Y. 2005); *see also Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997).

"Although minor or technical defects in a summons in certain circumstances do not

render service invalid, defects that . . . show a flagrant disregard for the rule do," such

as failing to serve the summons upon the defendant.  *Osrecovery, Inc.*, 234 F.R.D. at

59; *see also Dill v. Berquist Const. Co., Inc.*, 24 Cal. App. 4th 1426, 1439, n.12 (1994)

(stating that while the requirement of service in California should be construed liberally,

such liberal construction may not excuse a total failure to comply with the rule).

---

[7] USCIT Rule 4(d)(2)(B) also states that an individual may be served by "leaving a copy
of [the summons and the complaint] at the individual's dwelling or usual place of abode
with someone of suitable age and discretion who resides there."  California law similarly
allows for an individual to be served by leaving copies with certain other persons at the
individual's "usual mailing address," but additional requirements, including "mailing a
copy of the summons and complaint by first-class mail," are not prescribed in the
analogous USCIT Rule 4(d)(2)(B).  *See* California Code of Civil Procedure § 415.20.
Whether Mr. Ho was served by "someone of suitable and age discretion" besides Mr.
Ault is not at issue in this case.

**II.     Time Limits for Service of Process**

The plaintiff must also effect service within a specified period of time.  USCIT

Rule 4(l) governs the time limits for service of process in this action.  The rule provides,

in relevant part, that:

> If a defendant is not served within 90 days after the complaint is filed, the
> court — on motion or on its own after notice to the plaintiff — must dismiss
> the action without prejudice against that defendant or order that service be
> made within a specified time.  But if the plaintiff shows good cause for the
> failure, the court must extend the time for service for an appropriate
> period.

USCIT Rule 4(l).  Thus, the CIT *must* grant more time to complete service if the plaintiff

demonstrates good cause for failing to serve defendant within the 90-day period.  *See*

*id*.  In addition, the CIT *may* grant an extension even absent good cause, as a matter of

the court's discretion.  *See id.*; *United States v. Rodrigue*, 33 CIT 1453, 1471, 645 F.

Supp. 2d 1310, 1329 (2009) (citing *Henderson v. United States*, 517 U.S. 654, 662-63

(1996), and the corollary Federal Rule of Civil Procedure 4(m), Advisory Committee

Note, 1993 Amendments).

## DISCUSSION

**I.   Whether Service Was Effected**

**A.     Positions of the Parties**

The Government's argument for service of process is based on a claim of

evasion.  Pl. Sur-Rep. at 9-10.  As discussed above, under California law a party may

not evade service by physically refusing it.  *Khourie*, 220 Cal. App. 3d at 1013.  The

Government claims that on June 1, "Mr. Ho answered the door, recognized Mr. Ault

from his prior service . . . and immediately shut the door to prevent Mr. Ault from

handing him the documents."  Pl. Sur-Rep. at 10.  Mr. Ault claims that he and defendant

were "within easy speaking distance of each other."  *In re Application of Ball*, 2 Cal.

App. 2d at 579.  Thus, Mr. Ho's alleged refusal "to take the documents offered" would

allow for service to be made "by merely depositing the documents in some appropriate

place where they would be most likely to come to the attention of the person being

served," *Crescendo Corp.*, 267 Cal. App. 2d at 212, as Mr. Ault evidently did here by

leaving the papers on the "ground in his [Mr. Ho's] presence."  ECF No. 14, Ex, 1 ¶ 4.

The Government also argues that video evidence supports Mr. Ault's declaration

because it shows Mr. Ault "reacting" to Mr. Ho at the door,[8] Exhibit A to Declaration of

Kevin Ho, ECF No. 9, while footage from a second camera system "may also reflect that

Mr. Ho opened the door" from another angle.[9]  Pl. Sur-Rep. at 2.  If the events occurred

as the Government alleges, then service was effected under California law in

accordance with USCIT Rule 4(d)(1).

However, defendant rejects Mr. Ault's account and claims that no one was at his

residence at the time of Mr. Ault's attempted service, thus precluding the possibility that

service was effected.  Def. Opp. Mot. at 5-8.  Defendant provides evidence that he was

"either at [a] restaurant or at [his] parents' home during [the] time of the purported

service," ECF No. 16, Ex. 5, and did not return to his residence until several days later.

---

[8] To be clear, the Government infers Mr. Ho's presence based on Mr. Ault's own body
movements in the video footage.
[9] Mr. Ho provided a recording from a second device — a Ring Doorbell System.
According to the Government, "[Mr. Ho] edited it to include only the process server's
initial few seconds standing at his door.  The remainder of the Ring Video should show
the process server reacting to Mr. Ho answering the door."  Pl. Sur-Rep. at 2.

*Id.*  Def. Rep. at 2-3.  Defendant attempts to cast doubt on the credibility of Mr. Ault by pointing out the Government's admission that Mr. Ault misidentified Mr. Ho in the companion case, *United States v. Ho*, CIT No. 19-00102 ("*HO II*"), ECF No. 9 at 3.  In *HO II*, Mr. Ault claimed to have personally served Mr. Ho on a date, June 30, when it was later proven that Mr. Ho was out of the country.  *Id.*  Defendant emphasizes that the only person to appear in the video footage from June 1 is Mr. Ault, and neither Mr. Ho, nor anyone else, emerges from the residence in the videos provided.  Def. Rep. at 2-3.  If defendant's account is correct, then service could not have been effected in accordance with USCIT Rule 4(d).

### B.     Analysis

Here, the court concludes that service was not effected because "plaintiffs have the burden of proving proper service," *Lopez*, 979 F.2d at 887, and the record indicates that Mr. Ault did not serve Mr. Ho on the date in question.  In particular, the reliability of the process server, the absence of any individual other than Mr. Ault in video recordings, and the credible evidence provided by defendant that he was elsewhere on the afternoon of June 1, all call into question the Government's claim that Mr. Ault personally interacted with and served Mr. Ho at his residence.

The Government asks the court to resolve a factual dispute regarding service of process in the Government's favor by relying upon the account of Mr. Ault and by making inferences from Mr. Ault's body movements captured in the video footage ("At approximately 3:10:20, Mr. Ault turns to the right.  It again *appears* that he is reacting to something to his front right.")  Pl. Sur-Rep. at 6 (emphasis supplied).

The video footage does not support the inferences that the Government suggests.  The video exhibits ordinary body movements by Mr. Ault outside of the entrance to Mr. Ho's door from which the court does not infer the presence of a second individual.  To the contrary, the video shows that Mr. Ault rings the doorbell twice, then reaches down to place the service papers on the ground outside the door, without any discernible interaction with another individual.[10]

Moreover, the record provides ample reason to question the reliability of Mr. Ault's account.  Not only did Mr. Ault fail to serve Mr. Ho with a copy of the summons on April 8, 2019, but he also claimed to have served Mr. Ho in *HO II* on June 30, 2019, a date on which Mr. Ho is confirmed by Customs to have been out of the country.  *HO II*, ECF No. 9 at 3.  Further, the Government does not explain adequately its decision to replace Mr. Ault in *HO II*.  Teleconference, ECF No. 26 at 44:50-46:30.  The weight of the evidence suggests that the decision related to Mr. Ault's demonstrated unreliability, despite assertions by the Government to the contrary.

Finally, the declarations of Mr. Ho and other individuals, the receipts and other evidence of his whereabouts that afternoon, as well as the video recordings, all suggest that Mr. Ho's residence was unattended during the alleged service of process.

For these reasons, the Government failed to carry its burden of proof that service of process was made.  As stated above, when the service of process is defective or

---

[10] The court does not believe that additional video footage would contribute to its understanding of the circumstances surrounding the alleged service of process. Accordingly, the court declines to order production of any additional video footage.

plaintiff has not met its burden, "the simplest solution . . . is to quash [service of] process

and allow the plaintiff another opportunity to serve the defendant."  5B Wright & Miller,

*supra*, § 1354.  *See also Bakhshi v. McCleod-Wilson*, 2006 U.S. Dist. LEXIS 58305, at

*1 ("[t]he remedy for service of a defective summons is to quash service of process —

not to dismiss the action").

Since the Government has not sufficiently demonstrated proper service, the

appropriate remedy is to quash service.  Accordingly, and for the reasons stated above,

the court hereby quashes service of process that purportedly occurred on June 1, 2019.

## II.    Whether the Court Should Extend Time for Service

The court, in quashing service of process, has the "discretion to order conditions,

including time constraints, within which the plaintiff may make [another] attempt at

service."  5B Wright & Miller, *supra*, § 1354.  Thus, this court orders that plaintiff effect

service upon defendant by 60 days from the date of this Order.

Defendant may object to the extension of time for service on the grounds that the

service period prescribed by USCIT Rule 4(l) has since expired.  However, it is within

this court's power to grant an extension of time even absent good cause, as a matter of

the court's discretion.  *See* USCIT Rule 4(l); *Rodrigue*, 33 CIT at 1471 (citing

*Henderson v. United States*, 517 U.S. 654, 662–63 (1996), and the corollary Federal

Rule of Civil Procedure 4(m), Advisory Committee Note, 1993 Amendments).

The court does not make a finding on whether good cause exists for an

extension of time because, regardless of the outcome of that inquiry, the court chooses

to extend the service period as a matter of its own discretion.  "To decide otherwise

would be a waste of the Court's and the parties' time and resources." *Rivera-Otero,* 317

F.R.D. at 329.  The defects in the Government's service of process on April 8, 2019,

and June 1, 2019, are easily curable, and there is no significant prejudice to defendant

in defending suit due to this extension.  On the other hand, the potential prejudice to the

Government is high if this court elects to dismiss the suit because the statute of

limitations will prevent the Government from refiling.

## CONCLUSION

During Episode 5 of Season 2 of the recently concluded Showtime series

*Homeland*, based on the Israeli series *Prisoners of War*,[11] Nicholas Brody (played by

Damian Lewis) is brought to an unknown location while in the custody of the Central

Intelligence Agency.  Taking over the interrogation, Carrie Mathison (Clare Danes)

confronts Brody about his shifting explanations for the period of time during which he

was held captive by al-Qaeda as a prisoner of war, in particular regarding the possibility

that he was turned by the enemy and poses a significant risk to national security.[12]

"What do you say, when people ask you what it was like over there?" Carrie

asks.

"As little as possible," Brody replies.

"But if they insist?" asks Carrie.

---

[11] PRISONERS OF WAR, or חטופים, *Hatufim* – literally "Abductees" – was created and directed by Gideon Raff and originally aired in Israel from 2010 to 2012.

[12] HOMELAND (Teakwood Lane Productions, Cherry Pie Productions, Keshet Broadcasting, Fox 21 (2011–14), Fox 21 Television Studios (2015–2020), Showtime Networks, Studio Babelsberg; Executive Producers Debora Cahn, Alex Gansa, Howard Gordon, et al., 2011-2020).

"I lie.  Tell them stories they want to hear," responds Brody.

Carrie declares in response, "It's the lies that undo us.  It's the lies we think we need to survive.  When was the last time you told the truth?"

* * *

In quashing service of process here, this court need not determine nor speculate as to whether the Government's process server, Mr. Ault, misrepresented the circumstances of the alleged service or merely mistakenly identified another individual as Mr. Ho.  Ultimately, such a determination is unnecessary for this court to render the service of process insufficient.

For the reasons stated above, defendant's motion to dismiss pursuant to USCIT Rule 12(b)(1) is denied, and service of process upon defendant is quashed.  Further, defendant's motion to dismiss for insufficiency of service of process is, for the time being, denied.  The Government is provided sixty (60) days from the date of this Order to effect proper service on defendant.  If service is not made on defendant within that time, the motion to dismiss for insufficient service of process will be granted.  Until proper service of process is accomplished, this Court lacks personal jurisdiction to entertain any further proceedings in this cause of action.  The court does not rule on defendant's 12(b)(2) and 12(b)(5) motions, and, as a result, is unable to address the 12(b)(6) motion at this time.

<u>/s/ Timothy M. Reif</u>
Timothy M. Reif, Judge

Dated: May 15, 2020
       New York, New York