IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Court No. 19-0038 |
| CHU-CHIANG "KEVIN" HO, ) | |
| and ) | |
| ATRIA CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**THE UNITED STATES' NOTICE OF ERROR
AND MOTION FOR EXTENSION OF TIME OF SERVICE**

Pursuant to Rules 4(l) and 7 of the Rules of the United States Court of International Trade, plaintiff, the United States, respectfully submits this notice of error, and respectfully requests that the Court extend the service period of service for Chu-Chiang "Kevin" Ho, until July 27, 2021 – the date Mr. Ho was served with correct papers. Alternatively, since Mr. Ho has known of the complaint and its merits since April 2019, the Government respectfully requests that the Court order that service has already been effected upon Mr. Ho.[1]

**I.   BACKGROUND**

    **A.   Civil Proceedings in *HO I* and *HO II***

Mr. Ho operated numerous California companies identified in complaints in this case (*HO I*) and its companion case, *United States v. Ho*, Ct. Int'l Trade No. 19-102 (*HO II*). Both complaints detail how over the course of a decade, Mr. Ho attempted to import dangerous, illegal

---

[1] Counsel for Mr. Ho informed the Government that he opposes this motion.

high-intensity discharge headlight conversion kits (HID Kits) into the United States. In 2005, the Government warned Mr. Ho that these HID Kits were illegal, and Mr. Ho acknowledged that he understood it was illegal to import these kits. Nonetheless, he continued to attempt to import illegal HID Kits and sought to conceal his conduct by (1) importing these kits under the names of different companies (identified as defendants in *HO I* and *HO II*), and (2) falsely identifying these HID Kits as indoor lighting products. See *HO II*, Rec. Doc. 2, ¶¶ 3-31.

The United States filed complaints relating to Mr. Ho's conduct on March 19, 2019 and June 21, 2019. *See* Rec. Doc. 2 & *HO II*, Rec. Doc. 2. The complaint in *HO II* detailed how the fraud in that matter emerged from the same conduct charged in *HO I*, and was a continuation of that scheme. *HO II*, Rec. Doc. 2 at ¶¶ 9, 11-13; *compare HO I*, Rec. Doc. 2 at ¶¶ 3-11. Because the cases involved a common actor, emerged from the same predicate conduct, and alleged common, overlapping conduct, on August 8, 2019, the Government moved to consolidate *HO I* and *HO II* into one proceeding. *HO I*, Rec. Doc. 15.

   **B.** **Criminal Proceedings**

On March 14, 2019, a Federal grand jury seated in the Northern District of California returned an indictment against Mr. Ho, charging him with seven counts of smuggling under 18 U.S.C. § 545. *United States v. Chu-Chiang Ho*, 19-cr-125 (N.D. Ca.), Rec. Doc. 1 (*HO INDICTMENT*). The *HO INDICTMENT* charged Mr. Ho criminally for the same conduct and the same entries detailed in *HO I* and *HO II*. *See id.* The *HO INDICTMENT* was filed under seal until on or about December 16, 2019. *Id.*, Rec. Doc. 3.

On December 11, 2020, Mr. Ho pleaded guilty to Count 1 of the *HO INDICTMENT*. In the plea agreement underlying his guilty plea, Mr. Ho that admitted he knowingly and fraudulently attempted to import entries underlying the *HO INDICTMENT* – *i.e.*, entries

identified in *HO I* and *HO II*. *Id.*, Rec. Doc. 41 & 42. On March 22, 2021, Judge Jon S. Tigar of the U.S. District Court for the Northern District of California sentenced Mr. Ho to 18 months imprisonment, three years of supervised release, and levied a $100 special assessment. *Id.*, Rec. Doc. 50.

  C. **Service of Mr. Ho in *HO I* and *HO II***

  The Government has previously detailed its numerous attempts to effect service upon Mr. Ho in both *HO I* and *HO II*. In sum, after the Government filed its complaints in *HO I* and *HO II*, Mr. Ho's counsel refused to accept service for Mr. Ho in both cases. The Government retained a process service agency, which over the course of several months, deployed three process servers to serve Mr. Ho. Process servers conducted 16 hours of surveillance and made no fewer than seven attempts to effect service upon Mr. Ho. *See*, *e.g.*, *HO I*, Rec. Doc. 7, 14.

  On April 29, 2019, Mr. Ho filed a motion to dismiss in *HO I*, claiming ineffective service and contesting the merits of the complaint, including a challenge to the adequacy of the administrative process. Rec. Doc. 4. This pleading was followed by other pleadings demonstrating that Mr. Ho was entirely familiar with the substance of the complaint in *HO I* and the administrative process that preceded it. *See*, *e.g.*, *id.* at 1, 6-10; *see also* Rec. Doc. 8, 16, 17.

  In *HO II*, because Mr. Ho was traveling out of the country and because Mr. Ho's counsel refused to accept service on his behalf, the Government moved for a 27-day extension of time to effect service. *HO II*, Rec. Doc. 6. On November 1, 2019, Mr. Ho filed a motion to dismiss and quash service in that case. *Id.*, Rec. Doc. 7. On April 27, 2020, the Court issued an Order granting the Government's motion to extend the time of service and denied Mr. Ho's motion to dismiss. *HO II*, Rec. Doc. 15.

On May 15, 2020, this Court denied Mr. Ho's motion to dismiss in *HO I* and directed that the Government serve Mr. Ho within sixty days.  Rec. Doc. 29.  That same day, Government counsel sent an e-mail to Mr. Ho's counsel asking whether, given the Court's Order, they would now accept service on his behalf.  *See* Ex. 1.  On May 18, 2020, Mr. Ho's counsel agreed to accept service.  On May 20, 2020, Government counsel sent Mr. Ho's counsel a copy of the complaint and summons of *HO II*, rather than the papers of *HO I*.  Ex. 2.  On June 15, 2020, Government counsel filed a notice of service on the belief that service had been effected in *HO I*.  Rec. Doc. 31.  Mr. Ho's counsel did not, at the time, advise the Government of this error.

Government counsel did not learn of the mistake until July 21, 2021, during a telephone call with Mr. Ho's counsel regarding the filing of status reports in *HO I* and *HO II*.  Mr. Ho's counsel then advised the Government of the error, and said that Mr. Ho would now seek to dismiss the complaint in *HO I* because of this defect of service.  Government counsel confirmed the error when he returned from travel the following week, and on July 27, 2021, sent by e-mail to Mr. Ho's counsel the *HO I* service papers.  *See* Ex. 3.

Accordingly, the Government respectfully submits this notice of error of fact relating to the notice of service, Rec. Doc. 31.  A corrected notice of service is attached as Exhibit 4.

## II.     EXTENSION OF SERVICE PERIOD IS WARRANTED

Because of the defect of service and Mr. Ho's prior conduct evading service, pursuant to Rule 4(l) of the Rules of this Court, the Government now respectfully requests that the Court extend the service period in this matter until July 27, 2021.  Alternatively, the Government respectfully requests that the Court rule that service has already been effected because Mr. Ho has had actual notice of the complaint and its merits.  *See United States v. All Funds in Bluffview Securities Account, LP*, 2012 WL 12855882 at *3 (C.D. Ca. 2012).

Government counsel was responsible for the defect of service on May 20, 2020. Although inadvertent, this mistake was likely due to the overlapping nature of the conduct charged in *HO I* and *HO II*, and the duplicative litigation in each case relating to service. Indeed, Mr. Ho's counsel recently repeated this same error on July 23, 2021, when they intended to send Government counsel a draft status report in *HO I*, but mistakenly delivered a pleading under the caption of *HO II*. *See* Ex. 3. However regrettable these errors, they do not bear upon whether an extension of the service period should be effected. As is discussed below, there is ample legal support for the Court's extension of the service period under these circumstances.

A.   **Applicable Law**

Rule 4 (l) prescribes, in relevant part, that:

> an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and complaint to the individual personally[.]

Rule 4(l) provides that a defendant be served within 90 days of filing the complaint, but where good cause exists, "the court must extend the time for service for an appropriate period." Additionally, this Court, in accordance with the practice at other district courts, has observed that, "[u]nder USCIT Rule 4(l), . . . a court may, in its discretion, grant an extension of time to effect service even in the absence of good cause." *United States v. Rodrigue,* 645 F. Supp. 2d 1310, 1329 (Ct. Int'l Trade 2009) (citing *Henderson v. United States,* 517 U.S. 654, 662–63 (1996), and the corollary Federal Rule of Civil Procedure 4(m), Advisory Committee Note, 1993 Amendments); *see also Thompson v. Brown,* 91 F.3d 20 (5th Cir. 1996) ("we agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district

court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause"); *accord Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *Mann v. American Airlines*, 324 F.3d 1088 (9th Cir. 2003); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir. 1995); *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995).

Notably, the Advisory Committee which drafted the 1993 amendments to Rule 4 recognized that good cause exists where, as in this case, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Hunter v. Oasis Financial Solutions, LLC*, 2010 WL 3339018, at *1 (S.D. Cal. 2010) (citing *Ditkof v. Owens–Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich.1987)).  In sum, "if good cause is shown, a court shall extend the service period under Rule 4.  If good cause is not shown, the court has the discretion to extend the time period." *In re Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001).

The law of California applies to service in this instance, and the opinions of the U.S. Court of Appeals for the Ninth Circuit interpreting California law are instructive:

> The Ninth Circuit has found it "unnecessary . . . to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," and has "note[d] only that, under the terms of the rule, the court's discretion is broad."  District courts in the Ninth Circuit have exercised their discretion to extend the time for service where defendants "have not suffered any prejudice resulting from the delay" and where the extension will give plaintiffs "an opportunity to litigate the merits of this action, a desirable goal."

*Garden City Boxing Club, Inc. v. Ocampo*, 2005 WL 1898416, at *2 (E.D. Wash. 2005) (quoting *Matasareanu v. Williams*, 183 F.R.D. 242, 247 (C.D. Cal. 1998), and *In re Sheehan*, 253 F.3d at 507).

More precisely, in *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991), the Ninth Circuit detailed three requirements for a showing of good cause under Rule 4: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant suffered no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 756; *see also Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

**B.     An Extension of the Service Period is Warranted**

All three criteria identified in *Boudette* exist in the current circumstance. First, Mr. Ho's counsel's multiple filings in *Ho I* demonstrate that Mr. Ho has received "actual notice of [this] lawsuit." *Id.*; *see* Rec. Doc. 16 at 3. Mr. Ho cannot contend that he is unaware of the complaint or the substance of the complaint. Indeed, he is so familiar with the administrative process underlying the complaint in this case that on April 29, 2019, he submitted detailed arguments about its purported shortcomings. *See* Rec. Doc. 4, Ex. 2 at 8-10; Rec. Doc. 8 at 9-12.

Second, Mr. Ho has suffered no prejudice and could not conceivably be later prejudiced by the delay of service. Both this matter and its companion case, *HO II*, have been stayed since May 15, 2020, pending resolution of the criminal case. Rec. Doc. 16. After the parties stipulate to Mr. Ho's liability (which Mr. Ho cannot contest, by virtue of his guilty plea and the underlying plea agreement), this matter may be stayed until after Mr. Ho is released from prison, so as to allow him to litigate the quantum of penalty owed. *See* Rec. Doc. 32. The parties have filed no substantive pleadings in either *HO I* or *HO II* since Court instituted the stay, and Mr. Ho has lost no opportunity to make substantive arguments or marshal evidence for his defense. Furthermore, Mr. Ho cannot claim prejudice because he has been fully apprised of the substance of the complaint in *HO I* since April 2019, when he demonstrated his knowledge of the complaint in a motion to dismiss. *See* Rec. Doc. 4 & 8.

The third criterion of *Boudette* is also met: the Government would be severely prejudiced by dismissal of the complaint, as the statute of limitations has expired relating to the claims identified in *HO I*. *See* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments (good cause exists "if the applicable statute of limitations would bar the refiled action"). Thus, "[g]iven that the federal defendants have had notice of the suit, and that they will have adequate time to mount a defense, the court concludes that it is preferable to resolve plaintiffs' claims against them on the merits." *Motley v. Parks*, 2001 WL 849637, at *5 (C.D. Cal. 2001) (denying motion to dismiss on the basis of insufficient service of process).

Independent of these considerations, courts have also held that an extension of the service period is warranted where "the defendant . . . conceals a defect in attempted service." *Oasis Financial Solutions,* 2010 WL 3339018, at *1 (citing *Ditkof*, 114 F.R.D. at 104). In the months leading up to and following Mr. Ho's sentencing in the Northern District of California, the parties' counsel had multiple discussions about the most expeditious path forward in *HO I* and *HO II*,[1] given Mr. Ho's guilty plea and sentencing. At no point during any of these discussions did Mr. Ho's counsel suggest that *HO I* suffered from defective service. To the contrary, the discussions centered upon whether to stay both *HO I* and *HO II* until after Mr. Ho was released from prison, to allow better client-counsel communication between Mr. Ho and his counsel. *See*, *e.g.*, Ex. 3 at 4. During these discussions, until July 21, 2021, Mr. Ho's counsel gave no impression, and made no suggestion, that the service in *Ho I* was problematic or had not been accomplished.

---

[1] E-mail records reflect that counsel jointly discussed *HO I* and *HO II* on May 25, 2020, May 29, 2020, April 1, 2021, on or about June 16, 2021, June 30, 2021, July 1, 2021, and July 21, 2021. Only on July 21 did Mr. Ho's counsel allude to a defect in service, and at that time indicated that they would move to dismiss because of the defect in service.

Courts, and the Advisory Committee drafting Rule 4, have rejected this tactic: "The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit[.]" *In re Hollis and Co.*, 86 B.R. 152, 153–54 (Bkrtcy. E.D. Ark. 1988) (quoting *Broadcast Music, Inc. v. M.T.S. Enterprises*, 811 F.2d 278, 281 (5th Cir.1987)). Indeed, the Advisory Committee to the 1993 Amendments to Rule 4(m) – the mirroring Federal Rule of Civil Procedure – *expressly recognized* that good cause would be present where "the defendant . . . conceals a defect in attempted service." Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments. *See also*, *e.g.*, *Berry v. Evans*, 2008 WL 2951346, at *6 (N.D. Cal. 2008) ("plaintiff's mistaken belief that [the defendant] was properly served when the Attorney General's Office signed the acknowledgment of service form constitutes the requisite good cause"); *see also In re Shelton Federal Group*, LLC, 2018 WL 4440405, at *1 (Bkrtcy. Dist. Col. 2018) ("interests of justice weigh[ed] in favor" of extending service period where the trustee "mistakenly thought that service had been proper" and where defendant-debtor's counsel had refused to accept service for their client).

**III.   MR. HO HAS HAD ACTUAL NOTICE OF THE COMPLAINT SINCE 2019**

Even if good cause did not exist, the law would favor deeming service effected because Mr. Ho has actual notice of the complaint. "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint[.]" *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984); *Borzeka*, 739 F.2d at (9th Cir. 1984); *see Straub v. A.P. Green, Inc.*, 38 F.3d 448, 453 (9th Cir. 1994) ("substantial compliance" with the service requirements of Rule 4 is satisfied where a party receives "actual notice of the complaint.").

9

Mr. Ho and his counsel acknowledged they are aware of this lawsuit, and have submitted detailed briefings in this case responding to the complaint beginning in April 2019.  *See* Rec. Doc. 4, 8, 16.  They cannot credibly contend that they are unaware of the substance of the complaint.  Thus, "substantial compliance" with Rule 4's service requirements has been achieved because Mr. Ho has received actual notice of the complaint.  *Straub*, 38 F.3d at 453.  Accordingly, the United States respectfully requests that the Court deem service upon Mr. Ho effected.

## CONCLUSION

For the reasons articulated above, the United States respectfully requests that the Court extend the service period until July 27, 2021, the date on which the complaint and summons were formally served upon Mr. Ho's counsel.  As explained above, given the circumstances in this case – including Mr. Ho's months of evading service attempts, and counsel's prior refusal to accept service – a subsequent service defect should not imperil the Government's ability to litigate the merits of Mr. Ho's illegal smuggling of dangerous merchandise into the United States.  Moreover, "[g]iven that [Mr. Ho has] had notice of the suit, and that [he] will have adequate time to mount a defense . . . it is preferable to resolve plaintiffs' claims against [him] on the merits."  *Motley*, 2001 WL 849637, at *5.

                                                Respectfully Submitted,

                                                BRIAN M. BOYNTON
                                                Acting Assistant Attorney General

                                                JEANNE E. DAVIDSON
                                                Director

                                                PATRICIA M. MCCARTHY
                                                Assistant Director

/s/ William Kanellis
WILLIAM KANELLIS
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW, Suite 10000
Washington, DC 20009
Tel: (202) 532-5749

Attorneys for Plaintiff

August 4, 2021