IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Court No. 19-00038 |
| CHU-CHIANG "KEVIN" HO, and ) | |
| ATRIA CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH SERVICE**

Pursuant to Rule 4 of the Rules of the United States Court of International Trade (USCIT R.), plaintiff, the United States, respectfully submits this response to the Motion to Quash Service filed by defendant, Chu-Chiang "Kevin" Ho.

Defendant accurately summarizes the May 20, 2020 error relating to the service of Mr. Ho.  On that date, Mr. Ho was mistakenly served papers for the companion case to this matter, *United States v. Ho, et al.*, Ct. Int'l Trade No. 19-102 (*HO II*).  When the Government learned of the mistake, it corrected the error, served Mr. Ho with the summons and complaint in this litigation, and moved to expand the time of service.  *See* Rec. Doc. 34.  That motion is pending.

This matter has been stayed since May 15, 2020.  Rec. Doc. 30.  Thus, Mr. Ho has not been prejudiced by the service error.  In fact, Mr. Ho has been aware of the substance of the charges in this matter and *HO II* since 2019.  By contrast, dismissal of this case would prejudice the United States, since it would be barred from re-filing the complaint.  Under these circumstances, jurisprudence addressing Rule 4 service recognizes that dismissal of this matter would be inappropriate.

I.   **BACKGROUND**

   A.   Proceedings in *HO I* and *HO II*

Mr. Ho operated numerous California companies identified in complaints in this case (*HO I*) and *HO II*. These complaints describe how the conduct underlying these schemes overlapped and how the companies were inter-related. Mr. Ho controlled all of these companies, and through these companies attempted to import dangerous, high-intensity discharge headlight conversion kits (HID Kits) into the United States. In 2005, the Government warned Mr. Ho that these HID Kits were illegal, and Mr. Ho acknowledged that he knew it was illegal to import these kits. Nonetheless, he continued to attempt to import illegal HID Kits, and sought to conceal this conduct by (1) importing these kits under the names different companies he operated (identified as defendants in *HO I* and *HO II*), and (2) falsely identifying these HID Kits as indoor lighting products. *See* HO II, Rec. Doc. 2, ¶¶ 3-31.

The United States filed complaints relating to Mr. Ho's conduct on March 19, 2019 and June 21, 2019. *See* Rec. Doc. 2 & HO II, Rec. Doc. 2. The complaint in *HO II* described how the fraud in that matter emerged from the same conduct charged in this case and was a continuation of this scheme. *HO II*, Rec. Doc. 2 at ¶¶ 9, 11-13; *HO I*, Rec. Doc. 2 at ¶¶ 3-11. Since *HO I* and *HO II* involve a common actor, emerge from the same predicate conduct, and allege common conduct, on August 8, 2019, the Government moved to consolidate the two cases. *HO I*, Rec. Doc. 15.

Importantly, since the complaint was filed in this matter, Mr. Ho has submitted multiple filings reflecting that he was fully aware of the nature and substance of the complaint in this case, the entries at issue, and the Government's case against him. *Id.*, Rec. Doc. 4, 8, 16, 17.

      B.      <u>Indictment in U.S. District Court for the Northern District of California</u>

On March 14, 2019, a Federal grand jury seated in the Northern District of California returned an indictment against Mr. Ho, charging him with seven counts of smuggling under 18 U.S.C. § 545. *United States v. Chu-Chiang Ho*, 19-cr-125 (N.D. Ca.), Rec. Doc. 1 (*HO INDICTMENT*). The *HO INDICTMENT* charged Mr. Ho criminally for the same conduct and the same entries detailed in *HO I* and *HO II*. *Id.* The *HO INDICTMENT* was filed under seal until on or about December 16, 2019. *Id.*, Rec. Doc. 3.

On December 11, 2020, Mr. Ho pleaded guilty to Count 1 of the *HO INDICTMENT*. In the plea agreement underlying his guilty plea, Mr. Ho admitted that he knowingly and fraudulently attempted to import entries underlying the HO INDICTMENT – *i.e.*, entries identified in this matter and *HO II*. *Id.*, Rec. Doc. 41 & 42. On March 22, 2021, Judge Jon S. Tigar of the U.S. District Court for the Northern District of California sentenced Mr. Ho to 18 months imprisonment, three years of supervised release, and levied a $100 special assessment. *Id.*, Rec. Doc. 50.

      C.      <u>Service of Mr. Ho in HO I and HO II</u>

The Government has earlier detailed its efforts to effect service upon Mr. Ho in this case and in *HO II*. *E.g.*, Rec. Doc. 7, 14. It recapitulates these efforts here: After the Government filed its complaints in *HO I* and *HO II*, Mr. Ho's counsel would not accept service for Mr. Ho in either case, and the Government retained and deployed a process service agency to attempt service. The service attempts occurred over the course of several months and involved more than 16 hours of surveillance conducted by several process servers, who made no fewer than seven attempts to effect service upon Mr. Ho. *See HO I*, Rec. Doc. 14, Ex. 1 at 2-11.

On April 29, 2019, Mr. Ho filed a motion to dismiss in this case, wherein he (1) claimed that he was not served, and (2) contested the merits of the complaint, including the adequacy of the administrative process. *Id.* at Rec. Doc. 4.  This pleading was followed by other pleadings demonstrating that Mr. Ho was entirely familiar with the substance of the complaint in *HO I* and the administrative process that preceded it. *See*, *e.g.*, *id.* at 1, 6-10; *see also* Rec. Doc. 8, 16, 17.

Similarly, in *HO II*, because Mr. Ho was traveling out of the country and because Mr. Ho's counsel would not accept service on his behalf, the Government moved for a 27-day extension of time to effect service. *HO II*, Rec. Doc. 6.  On November 1, 2019, Mr. Ho filed a motion to dismiss and quash service in that case. *Id.*, Rec. Doc. 7.  On April 27, 2020, the Court issued an Order granting the Government's motion to extend the time of service and denied Mr. Ho's motion to dismiss. *HO II*, Rec. Doc. 15.

On May 15, 2020, this Court denied Mr. Ho's motion to dismiss in this matter and directed that the Government serve Mr. Ho within sixty days.  Rec. Doc. 29.  That same day – indeed, within minutes of the Order's publication – Government counsel sent an e-mail to Mr. Ho's counsel asking whether, given the Court's Order, they would now accept service on his behalf.  *See* Ex. 1.  On May 18, 2020, Mr. Ho's counsel agreed to accept service.  On May 20, 2020, counsel sent Mr. Ho's counsel a copy of the complaint and summons of *HO II*, rather than the papers of *HO I*.  Ex. 2.  On June 15, 2020, Government counsel filed a notice of service with this Court, mistakenly believing that service had been effected in this case.  Rec. Doc. 31. Mr. Ho's counsel did not, at the time, inform the Government of its error.

Government counsel did not learn of the mistake until July 21, 2021, during a telephone call with Mr. Ho's counsel regarding the filing of status reports in *HO I* and *HO II*.  Mr. Ho's

counsel then advised the Government of the error, and said that Mr. Ho would now seek to dismiss the complaint in *HO I* because of this defect of service. Government counsel confirmed the error when he returned from travel the following week, and on July 27, 2021, sent by e-mail to Mr. Ho's counsel the *HO I* service papers. *See* Ex. 3. On August 4, 2021, the Government filed a notice of error, and requested that the Court expand the date of service until July 27, 2021.

## II.   THIS MATTER SHOULD NOT BE DISMISSED

At the close of his motion to quash, defendant asks the Court to dismiss the matter because of insufficient service. The jurisprudence underlying Rule 4 impels that, under these circumstances, the Court should not dismiss this case. Rather, the Government respectfully submits that the Court should (1) grant the Government's motion to expand the time of service of Mr. Ho, Rec. Doc. 34; (2) allow Mr. Ho to stipulate to his liability in this case, consistent with his admissions underlying his guilty plea; (3) grant the Government's motion to consolidate *HO I* and *HO II* into one proceeding, Rec. Doc. 15; and (4) stay the consolidated matter until after Mr. Ho completes serving his prison sentence.

### A.   Service Under USCIT R. 4

Rule 4 (l) prescribes, in relevant part, that:

> an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and complaint to the individual personally[.]

Rule 4(l) provides that a defendant be served within 90 days of filing the complaint, but where good cause exists, "the court must extend the time for service for an appropriate period." Additionally, this Court, in accordance with the practice at other district courts, has observed

5

that, "[u]nder USCIT Rule 4(l), . . . a court may, in its discretion, grant an extension of time to effect service even in the absence of good cause." *United States v. Rodrigue*, 645 F. Supp. 2d 1310, 1329 (Ct. Int'l Trade 2009) (citing *Henderson v. United States*, 517 U.S. 654, 662–63 (1996), and the corollary Federal Rule of Civil Procedure 4(m), Advisory Committee Note, 1993 Amendments); *see also Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996) ("we agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause"); *accord Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *Mann v. American Airlines*, 324 F.3d 1088 (9th Cir. 2003); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir. 1995); *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995).

It bears mention that the Advisory Committee which drafted the 1993 amendments to Rule 4 recognized that good cause exists where, as in this case, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Hunter v. Oasis Financial Solutions, LLC*, 2010 WL 3339018, at *1 (S.D. Cal. 2010) (citing *Ditkof v. Owens–Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987)). In sum, "if good cause is shown, a court shall extend the service period under Rule 4. If good cause is not shown, the court has the discretion to extend the time period." *In re Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001).

Service in this matter is governed by the laws of California. Thus, the opinions of the U.S. Court of Appeals for the Ninth Circuit interpreting California law are instructive:

> The Ninth Circuit has found it "unnecessary . . . to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," and has "note[d] only that, under the terms of the rule, the court's discretion is broad." District courts in the Ninth Circuit have exercised their discretion to extend the time for service where defendants "have not suffered any prejudice resulting from the delay" and where the extension will give plaintiffs "an opportunity to litigate the merits of this action, a desirable goal."

*Garden City Boxing Club, Inc. v. Ocampo*, 2005 WL 1898416, at *2 (E.D. Wash. 2005) (quoting *Matasareanu v. Williams*, 183 F.R.D. 242, 247 (C.D. Cal. 1998), and *In re Sheehan*, 253 F.3d at 507).

In *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991), the Ninth Circuit listed three requirements for a showing of good cause under Rule 4: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant suffered no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 756; *see also Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

  B. <u>Governing Case Law Militates Against Dismissal Under These Circumstances</u>

*Boudette* is instructive in this case, as all three criteria set forth that decision are met here.

<u>First</u>, Mr. Ho's multiple filings in this case demonstrate that Mr. Ho has received "actual notice of [this] lawsuit." *Id.*; *see* Rec. Doc. 16 at 3. Mr. Ho cannot contend that he is unaware of the complaint or the substance of the complaint. Indeed, he is so familiar with the administrative process underlying the complaint in this case that on April 29, 2019, he submitted detailed arguments about its purported shortcomings. *See* Rec. Doc. 4, Ex. 2 at 8-10; Rec. Doc. 8 at 9-12. Furthermore, in *HO II*, the complaint (for which Mr. Ho has been served) detailed Mr. Ho's conduct in this case as well. *See HO II*, Rec. Doc. 2 at ¶¶ 3 (describing Mr. Ho's direction of Atria Corporation), ¶ 9 (describing Atria's operations and that Mr. Ho was Atria's CEO); ¶ 13

7

(describing how after Mr. Ho acknowledged he was aware it was illegal to import HID Kits, he formed several companies, including Atria, and through them continued smuggling HID Kits).

Second, Mr. Ho has suffered no prejudice and could not conceivably be later prejudiced by the delay of service. Both this matter and its companion case, *HO II*, have been stayed since May 15, 2020, pending resolution of the criminal case. Rec. Doc. 16. After the parties stipulate to Mr. Ho's liability, and after this matter is consolidated with *HO II* into one proceeding, this matter may be stayed until after Mr. Ho is released from prison, so as to allow him to fully litigate the quantum of penalty owed. *See* Rec. Doc. 32. Mr. Ho has not been prejudiced because the parties have filed no substantive pleadings in either *HO I* or *HO II* since Court instituted the stay, and Mr. Ho has lost no opportunity to make substantive arguments or marshal evidence for his defense on the quantum of penalty owed. Furthermore, Mr. Ho cannot claim prejudice because he has been fully apprised of the substance of the complaint in this matter since April 2019, when he demonstrated his knowledge of the complaint in a motion to dismiss. *See* Rec. Doc. 4 & 8.

The third criterion set forth in *Boudette* is also met: the Government would be severely prejudiced by dismissal of the complaint, as the statute of limitations has expired relating to the claims identified in this matter. *See* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments (good cause exists "if the applicable statute of limitations would bar the refiled action"). Accordingly, "[g]iven that the federal defendants have had notice of the suit, and that they will have adequate time to mount a defense, the court concludes that it is preferable to resolve plaintiffs' claims against them on the merits." *Motley v. Parks*, 2001 WL 849637, at *5 (C.D. Cal. 2001) (denying motion to dismiss on the basis of insufficient service of process).

Independent of these criteria, courts have also held that dismissal of a matter is not warranted where, "the defendant . . . conceals a defect in attempted service." *Oasis Financial Solutions*, 2010 WL 3339018, at *1 (citing *Ditkof*, 114 F.R.D. at 104). In the months preceding and following Mr. Ho's sentencing in the Northern District of California, Mr. Ho's counsel and Government counsel had multiple discussions about the most expeditious path forward in both *HO I* and *HO II*, given Mr. Ho's guilty plea and sentencing. At no point during any of these discussions did Mr. Ho's counsel suggest that *HO I* suffered from defective service. To the contrary, the discussions centered upon whether to stay both *HO I* and *HO II* until after Mr. Ho was released from prison, to provide Mr. Ho a better opportunity to communicate with his counsel and present any defenses to the quanta of penalties owed in these cases. *See*, *e.g.*, Ex. 3 at 4. During these discussions, until July 21, 2021, Mr. Ho's counsel gave no impression, and made no suggestion, that the service in this matter had not been accomplished.

Courts, and the Advisory Committee drafting Rule 4, have frowned upon this tack: "The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit[.]" *In re Hollis and Co.*, 86 B.R. 152, 153–54 (Bkrtcy. E.D. Ark. 1988) (quoting *Broadcast Music, Inc. v. M.T.S. Enterprises*, 811 F.2d 278, 281 (5th Cir.1987)). In the same vein, the Advisory Committee to the 1993 Amendments to Rule 4(m) – the parallel Federal Rule of Civil Procedure – expressly recognized that good cause would be present where "the defendant . . . conceals a defect in attempted service." Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments. *See also*, *e.g.*, *Berry v. Evans*, 2008 WL 2951346, at *6 (N.D. Cal. 2008) ("plaintiff's mistaken belief that [the defendant] was properly

served when the Attorney General's Office signed the acknowledgment of service form constitutes the requisite good cause"); *see also In re Shelton Federal Group, LLC*, 2018 WL 4440405, at *1 (Bkrtcy. Dist. Col. 2018) ("interests of justice weigh[ed] in favor" of extending service period where the trustee "mistakenly thought that service had been proper" and where defendant-debtor's counsel had refused to accept service for their client).

### III.     MR. HO HAS HAD ACTUAL NOTICE OF THE COMPLAINT SINCE 2019

Even if it were assessed that good cause did not exist, the law would favor deeming service effected because Mr. Ho has actual notice of the complaint. "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint[.]" *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984); *Borzeka*, 739 F.2d at (9th Cir. 1984); *see Straub v. A.P. Green, Inc.*, 38 F.3d 448, 453 (9th Cir. 1994) ("substantial compliance" with the service requirements of Rule 4 is satisfied where a party receives "actual notice of the complaint.").  Thus, dismissal would not be warranted because, in fact, Mr. Ho has received "sufficient notice of the complaint[.]" *United Food & Commercial Workers Union*, 736 F.2d at 1382.

Mr. Ho and his counsel acknowledged they are aware of this lawsuit, and have submitted detailed briefings in this case responding to the complaint beginning in April 2019.  *See* Rec. Doc. 4, 8, 16.  They cannot credibly contend that they are unaware of the substance of the complaint.  Thus, "substantial compliance" with Rule 4's service requirements has been achieved because Mr. Ho has received actual notice of the complaint.  *Straub*, 38 F.3d at 453.

Mr. Ho's motion to quash does not supply legal argument in support of his motion to dismiss; it merely references earlier briefing. The Government believes its prior briefing, Rec. Doc. 7 & 14, supplemented by the extant pleading, adequately address his earlier arguments.

## **CONCLUSION**

For the reasons stated above, the Government respectfully requests that the Court (1) deem that service in this case was effected on July 27, 2021; (2) deny Mr. Ho's motion to quash as moot, given that service was effected; and (3) deny Mr. Ho's motion to dismiss.

Respectfully Submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. MCCARTHY
Assistant Director

*/s/ William Kanellis*
WILLIAM KANELLIS
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW, Suite 10000
Washington, DC 20009
Tel: (202) 532-5749

Attorneys for Plaintiff

August 17, 2021