**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CHU-CHIANG "KEVIN" HO, and<br>ATRIA CORPORATION,<br><br>　　　　　　　　Defendants. | Court No. 19-00038 |

**Defendant Ho's Response to Plaintiff's Motion for an Extension of Time of Service**

　　　The Court's May 15, 2020 Order (hereinafter "Order") is clear and the stakes are high. The Court provided the Plaintiff an additional 60 days from the date <u>of this</u> <u>Court's</u> Order to effect "proper service" on defendant and if service was not "made on defendant within that time, the motion to dismiss for insufficient service of process will be granted." Document 29, p. 21.

　　　After finding that the process server, Mr. Ault, did not serve Mr. Ho on June 1, 2019, and acknowledging Mr. Ault's "demonstrated unreliability"[1], the Court gave the Plaintiff a second bite at the apple to get service on the Defendant right.  In light of these unusual and unfavorable facts, where a process server lied about service several

---

[1] Document 29, p. 18.

1

times, it would be reasonable for the Court to expect the Plaintiff to exercise caution and more diligence when serving Defendant in accordance with its Order. The Government, specifically Customs, continuously and routinely emphasizes that importers are required to exercise reasonable care. Here, the Government failed to practice what it preaches and, as a result, this Court should deny Plaintiff's Motion for an Extension of Time of Service and grant Defendant's Motion to Quash Service and Dismiss this action for insufficient service of process.

**I.  BACKGROUND**

The Plaintiff spends an inordinate amount of time in its papers to discuss the underlying facts that form the basis of its case. This is a clear attempt to prejudice the Court against Mr. Ho and deflect from the singular procedural issue at hand-- its failure to effect proper service in accordance with this Court's Order. However, Defendant will note that the Plaintiff fails to mention in its recitation of the facts that the merchandise that forms the basis for this civil penalty action was seized and forfeited to the Government, Mr. Ho is ordered to pay $1.7 million dollars as part of the criminal proceeding, and serve an 18 month prison sentence. In other words, the Plaintiff is hard pressed to argue that it will be prejudiced if this action is dismissed.[2]

---

[2] In *U.S. v. General International Marketing Group*, 742 F. Supp. 1173, 1176 (CIT 1990) ("GIMG"), the court stated that it is reasonable to require a plaintiff "to make such efforts at service as are consistent with a recognition the 120 days [to serve] may otherwise mark the death of the action." Notably, even though defendant, Craig Ellins, also pled guilty, the CIT dismissed the action to recover more than $3 million in penalties.

2

With respect to the facts relating to attempts at service of process before the Court's Order, the Plaintiff continues to misrepresent certain facts (*i.e.*, "evading" service and counsel's "refusal" to accept service) that the Court did not find persuasive previously when it quashed service. After the Court issued its Order, Mr. Ho authorized his counsel to accept service in this matter on his behalf. On May 22, 2020, Plaintiff's counsel emailed the summons and complaint in Court No. 19-00102. Since the Court also stayed proceedings in this case on May 15, 2020, Defendant did not appear before the Court again in this case until July 27, 2021, when the parties filed a Joint Status Report and Defendant filed his Motion to Quash Service in Response to Plaintiff's Notice of Service filed June 15 ,2020.

## II. AN EXTENSION OF THE SERVICE PERIOD IS NOT WARRANTED AND THIS MATTER SHOULD BE DISMISSED

Another extension of time is not warranted here because the Plaintiff failed to properly serve Mr. Ho in both the first instance and in accordance with the Court's Order. Defendant respectfully submits that the Court does not need to perform a Rule 4 analysis (*i.e.*, extension based on good cause or even in the absence of good cause) because it already gave the Plaintiff a reprieve when it granted an extension, and the Plaintiff still failed to comply with this Court's Order and effect proper service within the time period it was given.

The Plaintiff once again cites *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) to establish that good cause exists. As Defendant pointed out previously, the court in *Boudette* said a plaintiff "may" be required to make such a showing, assuming

they get past the minimum requirement of demonstrating "excusable neglect." *Id*.  **Here, there is no excusable neglect**, and the Plaintiff's negligence does not constitute good cause. *Lopez v. United States*, 129 F. Supp. 2d 1284, 1295 (D. N.M. 2000) (citations omitted), *aff'd.*, 21 Fed Appx. 879 (10th Cir. 2001).

Furthermore, the Court should not find that service was already effected based on the Plaintiff's argument that Mr. Ho had actual notice and that Plaintiff "substantially complied" with the service requirements.  The Plaintiff cites *United States v. All Funds in Bluffview Securities Account*, LP, 2012 WL 128555882 at *3 (C.D. Ca 2012) to support its contention that the Court should rule that service was already effected because Mr. Ho had notice.  The court's decision in that case is easily distinguishable because it was in the context of a motion to set aside a default judgment where a claimant had received notice of a forfeiture filing and intentionally failed to respond.  While actual notice of a complaint may be considered in determining whether there is good cause to extend the service period, it does not warrant a court's finding that improper service is sufficient. See Court's Opinion, Document 29, p. 14, citing *Osrecovery, Inc. v. One Group International, Inc. et al.*, 234 F.R.D. 59, 60-61 (S.D.N.Y. 2005).

To support its argument that there is good cause for yet another extension, the Plaintiff continues to misrepresent that Mr. Ho evaded service. As part of its argument, Plaintiff focuses on Defendant's counsel refusing to accept service on behalf of Mr. Ho prior to the Court's Order.  In reality, the Plaintiff did not ask Defendant's counsel to accept service until after its process server failed to properly serve Mr. Ho; moreover Defendant's counsel was not authorized to accept service on behalf of Mr. Ho at that

time.  It is well established that an attorney acting generally for a client cannot accept service of process which commences an action without any authority to do so from the client.  See *Stone v. Bank of Commerce*, 174 U.S. 412, 421, 19 S. Ct. 747, 751, 43 L. Ed. 1028 (1899); see also *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) , citing *Schwarz v. Thomas*, 222 F.2d 305, 308 (D.C. Cir. 1955) (an agent/attorney who accepts service must have authorization from the principal/client). The Plaintiff's argument is simply disingenuous.

Finally, the Plaintiff argues that an extension is warranted because Defendant's counsel "concealed" the defect in its purported service.  We find it dishonest and inflammatory to assert Defendant's counsel "concealed" anything when the error is plainly visible to Plaintiff's counsel.[3] While it is true that parties' counsel had discussions after Mr. Ho's guilty plea and sentencing, those discussions were broad in nature and not specific to either case.[4]  Mr. Ho's counsel is under no obligation to notify Plaintiff's counsel of the defect or omission.

In fact, the Court of Appeals for the First Circuit found that a defendant did not "conceal" a defect in process, nor was the defendant "under any duty to notify" plaintiff of the defect when plaintiff failed to follow the state's rules for service of process.

---

[3] What is worse: Plaintiff's counsel's certificate of service filed in this case is incorrect as well.

[4] The Government cites specific dates that the parties' counsel "jointly discussed" HO I and HO II.  Document 34, p. 8, fn 1.  Defendant's counsel has no email records from May 25, 2020 or May 29, 2020; however, there were emails on March 25, 2021 and March 29, 2021. Clearly these emails occurred almost ten (10) months later, long after this Court's 60-day reprieve expired.

*Crossetti v. Cargill*, 924 F.3d 1, 2-3 (1st Cir. 2019).  The court went on to state that plaintiff would have discovered the defect if she had read the relevant rule.[5]  Here, Plaintiff's counsel would have discovered the defect if he had consulted his own email or, quite frankly, asked Mr. Ho's counsel to acknowledge receipt of service.  In *GIMG*, the CIT found when the efforts to effect service "have a somewhat minimal character, it becomes increasingly difficult to locate clear standards of good cause." *U.S. v. General International Marketing Group*, 742 F. Supp. at 1176.  The Plaintiff's attempt in its motion to compare its failure to properly serve Mr. Ho with Mr. Ho's counsel having the wrong court number on a <u>draft</u> document trivializes this Court's express Order, as well as the importance of the rules for service of process.  Document 34, p. 5.  More importantly, it further demonstrates the Plaintiff's flagrant disregard of those rules since the inception of this case.

None of the cases cited by the Plaintiff regarding "concealment" are applicable here.  In the *Broadcast Music* case, the defendant asserted for the first time on appeal that service was improper.  *Broadcast Music, Inc. v. M.T.S. Enterprises*, 811 F.2d at 281. In contrast, Mr. Ho has <u>not</u> filed an answer in this case and has appeared for the sole purpose to argue that this action should be dismissed, primarily for insufficient service of process.  Furthermore, this matter was stayed on May 15, 2020 before the Plaintiff's failed service attempt, and Defendant's counsel notified Plaintiff's counsel that it planned to file its Motion to Quash when the parties were about to appear before the

---

[5] The appellate court affirmed the district court's dismissal of the action and denial of plaintiff's motion for an extension of time to serve because plaintiff did not show "good cause" to excuse its failure to properly serve defendant.

Court again to file the Joint Status Report.

In *Berry v. Evans*, 2008 WL 2951346, at *6 (N.D. Cal. 2008), the court found "good cause" for an extension because it was reasonable for plaintiff to believe that service was effected when the acknowledgment of service form was signed. In this case, the Plaintiff did not request an acknowledgment of service in any form or manner whatsoever. Mr. Ho's counsel did not induce the Plaintiff's material error and was under no obligation to alert opposing counsel of its obvious deficiency. In *In re Shelton Federal Group, LLC*, 2018 WL 4440405, at *1 (Bkrtcy. Dist. Col. 2018), the court extended the service period, in part, because defendant's counsel refused to accept service. Here, Defendant's counsel informed Plaintiff's counsel it was authorized to accept service after the Court issued its Order on May 15th.

### III.     CONCLUSION

Undeniably, the Plaintiff failed to comply with this Court's Order. While Defendant submits that the Court can resolve this issue on that fact alone, Plaintiff has also failed to show that it is entitled to an extension, with or without good cause, after its negligence to effect proper service. The Plaintiff will not be prejudiced because it has already gotten relief through forfeiture of the goods and the criminal money forfeiture. Defendant did not evade service either before or after the Court's Order, Defendant's counsel did not refuse to accept service, and it did not "conceal" the defect in service. Rather, under a direct Order from this Court, the Plaintiff failed to exercise reasonable caution and diligence to serve Mr. Ho. For these reasons, Mr. Ho respectfully requests the Court to deny Plaintiff's Motion for an Extension of Time and grant Defendant's

Motion to Quash Service and Dismiss this action for insufficient service of process.

Dated: August 25, 2021                Respectfully submitted,


                                      /s/ Elon A. Pollack
                                     Elon A. Pollack, Esq.
                                     Kayla Owens, Esq.
                                     Stein Shostak Shostak Pollack & O'Hara
                                     865 S. Figueroa Street, Suite 1388
                                     Los Angeles, CA 90017
                                     Phone: (213) 630-8888
                                     Fax: (213) 630-8890
                                     E-Mail: elon@steinshostak.com
                                              kowens@steinshostak.com
                                     Attorneys for Chu-Chiang Kevin Ho