Slip Op. 22-81

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,**<br><br>                    Plaintiff,<br><br>v.<br><br>**CHU-CHIANG "KEVIN" HO,**<br><br>and<br><br>**ATRIA CORPORATION,**<br><br>                    Defendants. | **Before: Timothy M. Reif, Judge**<br><br>**Court No. 19-00038** |

### <u>OPINION AND ORDER</u>

[Denying defendant's motion to dismiss pursuant to USCIT Rule 12(b)(2), denying in part and granting in part defendant's motion to dismiss pursuant to USCIT Rule 12(b)(6) and giving plaintiff leave to file an amended complaint.]

Dated: July 12, 2022

<u>William Kanellis</u>, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for plaintiff.  With him on the brief were <u>Joseph H. Hunt</u>, Assistant Attorney General, <u>Robert E. Kirschman, Jr.</u>, Director, and <u>Patricia M. McCarthy</u>, Assistant Director.  Of counsel on the brief was <u>Brian P. Beddingfield</u>, Staff Attorney, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection, of San Francisco, CA.

<u>Elon A. Pollack</u> and <u>Kayla R. Owens</u>, Stein Shostak Shostak Pollack & O'Hara, LLP, of Los Angeles, CA, for defendant Chu-Chiang "Kevin" Ho.

        Reif, Judge: Before the court is a motion by defendant Chu-Chiang "Kevin" Ho

("Mr. Ho" or "defendant") to dismiss the complaint filed by the United States ("plaintiff" or

the "Government") pursuant to section 592(a)(1)(A) and (B) of the Tariff Act of 1930, as

amended, 19 U.S.C. § 1592(a)(1)(A) and (B) (2012),[1] for lack of personal jurisdiction and failure to state a claim upon which relief can be granted pursuant to United States Court of International Trade ("USCIT") Rules 12(b)(2) and 12(b)(6), respectively.  *See* Def. Chu-Chiang "Kevin" Ho's Mot. to Dismiss Pursuant to USCIT Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) ("Def. Mot. Dismiss"), ECF No. 4.  Mr. Ho argues that the complaint does not plead fraud with particularity and does not allege facts such that Mr. Ho is personally liable.  *Id.*  Plaintiff opposes the motion to dismiss.  *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl. Opp'n"), ECF No. 7.

For the following reasons, the court denies defendant's motion to dismiss for lack of personal jurisdiction and denies in part and grants in part defendant's motion to dismiss for failure to state a claim, with leave for plaintiff to amend its complaint.

## BACKGROUND

On March 19, 2019, plaintiff filed a complaint against Mr. Ho and Atria Corporation ("defendants").  *See* Compl., ECF No. 2.  The complaint alleges that defendants are jointly and severally liable for penalties for attempting to enter, or cause to be entered, merchandise by fraud, or in the alternative by gross negligence or negligence, in violation of 19 U.S.C. § 1592(a)(1)(A) and (B).  *Id.* ¶¶ 17-25; *id.* at 5.  The complaint asserts that Mr. Ho was the owner and director of Atria Corporation, an alleged manufacturing and distribution company for indoor and warehouse lighting.  *Id.*

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2012 edition, which was in effect when the subject entries were made, and which is the same in each relevant respect to the 2018 edition.

¶¶ 3-4.  The complaint describes high-intensity discharge ("HID") headlight conversion kits and explains the reasons that their importation is prohibited.  *Id.* ¶ 5 (citing 49 C.F.R. § 571.108).  The complaint alleges:

> On March 20, 2014, ATRIA and HO attempted to enter, or attempted to cause to be entered, into the United States one entry of HID headlight conversion kits through the Area Port of San Francisco identified by entry number D53-141064604-0l, with the intention that this merchandise be entered into United States commerce.

*Id.* ¶ 6.  The complaint alleges further that both defendants declared, or caused to be declared, the HID headlight conversion kits as classifiable under Harmonized Tariff Schedule of the United States ("HTSUS")[2] subheading 8504.40.9570 (inverters), "knowing that this declaration was not true."  *Id.* ¶ 7.  The complaint repeats these allegations for a second entry of HID headlight conversion kits on March 29, 2014, under entry number D53-1410799-01.  *Id.* ¶¶ 8-9.  U.S. Customs and Border Protection ("Customs") issued pre-penalty and penalty notices to defendants in June 2018 for both entries based on fraud and gross negligence and negligence in the alternative; the complaint alleges that neither defendant responded to the notices.  *Id.* ¶¶ 12-16.

In addition, the complaint asserts that both defendants "submitted, or caused to be submitted, to [Customs] documents which falsely described the HID headlight conversion kits as ballasts for interior track lighting fixtures."  *Id.* ¶ 10.  Moreover, the complaint alleges that these statements "were intended to affect determinations made

---

[2] Plaintiff refers to the "Harmonized Tariff *Code* of the United States (HTSUS)."  Compl. ¶ 7, ECF No. 2 (emphasis supplied).  However, the correct nomenclature is the "Harmonized Tariff *Schedule* of the United States."

by [Customs] concerning the admissibility of the merchandise into United States

commerce." *Id.* ¶ 11.

On April 29, 2019, Mr. Ho filed a motion to dismiss under USCIT Rules 12(b)(1),

12(b)(2), 12(b)(5) and 12(b)(6).  Def. Mot. Dismiss at 1.  On May 15, 2020, this court

denied Mr. Ho's motion to dismiss for lack of subject matter jurisdiction under USCIT

Rule 12(b)(1) but did not rule on the motion to dismiss for lack of personal jurisdiction

under USCIT Rule 12(b)(2), the motion to dismiss for insufficient service of process

under USCIT Rule 12(b)(5) or the motion to dismiss for failure to state a claim under

USCIT Rule 12(b)(6).  *United States v. Ho*, 44 CIT __, __, 452 F. Supp. 3d 1371, 1375-

76 (2020).  On September 14, 2021, this court denied Mr. Ho's motion to dismiss under

USCIT Rule 12(b)(5), granted plaintiff's motion to extend the time of service and denied

Mr. Ho's motion to quash service.  Order (Sept. 14, 2021) ("Order"), ECF No. 37.

Consequently, the two outstanding motions to dismiss are under USCIT Rules 12(b)(2)

and 12(b)(6).  *See* Def. Mot. Dismiss at 1.

Mr. Ho argues that the court lacks personal jurisdiction over him under USCIT

Rule 12(b)(2) due to insufficient service of process.  *See* Def. Mot. Dismiss at 3-4.  In

addition, Mr. Ho argues that the complaint fails to state a claim under USCIT Rule

12(b)(6) because plaintiff does not plead fraud with particularity against Mr. Ho in

accordance with USCIT Rule 9(b) and does not allege facts that would make Mr. Ho

personally liable.  *See id.* at 6-8.  Mr. Ho argues that the complaint contains only "a

recitation of the elements of the cause of action and conclusory statements about

intent."  *Id.* at 6.  Mr. Ho asserts that the complaint lacks allegations and supporting

facts that he either "had any personal involvement with the preparation or filing of the two entries and related documents" or that he "knowingly and intentionally prepared false documents, instructed the preparation of false documents, made any false declarations, or caused the entries to be filed."  *Id.* at 7 (emphasis omitted).  Moreover, Mr. Ho asserts that the complaint "does not provide any specific fact to support that Mr. Ho was involved personally in describing the merchandise, instructing anyone on how to describe the merchandise, or the submission of documents to [Customs]."  *Id.*  Mr. Ho argues that the complaint, unlike the complaint in *United States v. Islip*, 22 CIT 852, 871, 18 F. Supp. 2d 1047, 1063-64 (1998), does not provide allegations sufficient to meet the pleading standard.  *Id.* at 8.

In opposition to the motion to dismiss, plaintiff states: "The complaint specifies the date of the attempted entries, the parties involved, the area port location, the entry numbers, and the subject merchandise."  Pl. Opp'n at 9 (citing Compl. ¶¶ 5-10). Therefore, plaintiff states that fraud was pleaded with sufficient particularity.  *Id.*  Plaintiff asserts further that additional details are not required to allege personal liability and that Mr. Ho's liability is not "based upon his role as ATRIA's director."  *Id.* at 10 (citing Def. Mot. Dismiss at 6-8 (citing *United States v. Trek Leather*, 767 F.3d 1288, 1299 (Fed. Cir. 2014)) (comparing this allegation of liability to the holding of *Trek Leather*, in which liability was based on an individual's own acts in introducing men's suits into U.S.

commerce under agency law and not on his status as an officer or owner of a

corporation).[3]

On July 27, 2021, the parties submitted a joint status report stating: "If this case

is not dismissed, the parties will file a stipulation for partial judgment solely on the issue

of Defendant CHU-CHIANG 'KEVIN' HO's liability within 21 days from the date of the

Court's decision."  Joint Status Report at 1, ECF No. 32.

 On July 27, 2021, plaintiff emailed the summons and complaint to Mr. Ho's

counsel.  The United States' Notice of Error and Mot. for Extension of Time of Service,

ECF No. 34 at Ex. 3.  Service was subsequently effected on July 27, 2021, pursuant to

the court's order of September 14, 2021, which granted plaintiff's motion for an

extension of time of service until and through July 27, 2021.  *See* Order.

### STANDARD OF REVIEW

This court has jurisdiction pursuant to 28 U.S.C. § 1582(1) and reviews the case

*de novo* under 28 U.S.C. § 2640(a)(6) and 19 U.S.C. § 1592(e)(1).

---

[3] Mr. Ho and plaintiff do not further address the motion to dismiss for failure to state a claim in later briefs.  *See* Def. Chu-Chiang "Kevin" Ho's Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 8; Pl.'s Sur-Reply in Supp. of its Opp'n to Def.'s Mot. to Dismiss, ECF No. 20.  Moreover, the parties' briefs on the subsequent motions to quash and for an extension of time for service — both of which were disposed of in the court's order of September 14, 2021 — do not present arguments as to the motion to dismiss for failure to state a claim.  *See* Order (Sept. 14, 2021) ("Order"), ECF No. 37; Def.'s Mot. to Quash Service in Resp. to Pl.'s Notice of Service Filed June 15, 2020, ECF No. 33; The United States' Notice of Error and Mot. for Extension of Time of Service, ECF No. 34; Pl.'s Resp. to Def.'s Mot. to Quash Service, ECF No. 35; Def. Ho's Resp. to Pl.'s Mot. for an Extension of Time of Service, ECF No. 36.

A complaint must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Taken as true, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*; *see United States v. Int'l Trading Services, LLC*, 40 CIT __, __, 190 F. Supp. 3d 1263, 1268-69 (2016).  A complaint must meet also the "plausibility standard" and include more than "mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

For fraud allegations, USCIT Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  *See United States v. Greenlight Organic, Inc.* ("*Greenlight II*"), 44 CIT __, __, 466 F. Supp. 3d 1260, 1263 (2020); *see also United States v. NYWL Enters. Inc.* ("*NYWL I*"), 44 CIT __, __, 476 F. Supp. 3d 1394, 1399-1400 (2020); *United States v. NYWL Enters. Inc.* ("*NYWL II*"), 45 CIT __, __, 503 F. Supp. 3d 1373, 1378 (2021).

The court has held that "[t]he plaintiff must . . . plead[] in detail 'the who, what, when, where, and how of the alleged fraud.'"  *Greenlight II*, 44 CIT at __, 466 F. Supp. 3d at 1263 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) (citation omitted)); *see also Islip*, 22 CIT at 869-70, 18 F. Supp. 2d at 1063 (noting that the court had previously determined that providing the "'time, place, and

contents' of the alleged false misrepresentations" was sufficient (quoting *United States*

*v. F.A.G. Bearings Corp.*, 8 CIT 201, 206-07, 615 F. Supp. 562, 566 (1984))).  *See*

*generally United States v. Univar USA, Inc.*, 40 CIT __, __, 195 F. Supp. 3d 1312, 1317

(2016) (including references to analogous Federal Rules of Civil Procedure ("FRCP")).

Further, "[a]lthough intent and knowledge may be pled with generality, the pleading

must contain 'sufficient underlying facts from which a court may reasonably infer that a

party acted with the requisite state of mind.'"  *Greenlight II*, 44 CIT at __, 466 F. Supp.

3d at 1263 (quoting *Exergen Corp.*, 575 F.3d at 1327) (citing *United States ex rel. Heath*

*v. AT & T, Inc.*, 791 F.3d 112, 123-24 (D.C. Cir. 2015)).

## DISCUSSION

The court is required to address the issue of personal jurisdiction before the

issue of whether a claim is stated upon which relief can be granted.  *En Vogue v. UK*

*Optical Ltd.*, 843 F. Supp. 838, 841-42 (E.D.N.Y. 1994) ("Where a Court is asked to rule

on a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before

considering whether a claim is stated in the complaint." (citing *Arrowsmith v. United*

*Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963))); *see Intercontinental Chems., LLC v.*

*United States*, 44 CIT __, __ n.1, 483 F. Supp. 3d 1232, 1235 n.1 (2020) ("A court

presented with a motion to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

must decide the jurisdictional question first because a disposition of a Rule 12(b)(6)

motion is a decision on the merits, and therefore, an exercise of jurisdiction." (quoting

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 915 F. Supp. 2d 574,

588 (S.D.N.Y. 2013))); *see also Terry v. Dewine*, 75 F. Supp. 3d 512, 520 (D.D.C. 2014).

## I.   Motion to dismiss for lack of personal jurisdiction under USCIT Rule 12(b)(2)

The court has personal jurisdiction over Mr. Ho.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied."  *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 880 (Fed. Cir. 1997) (quoting *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)); *see* USCIT R. 4(b).  As stated in the court's order of September 14, 2021, plaintiff effected service of process on Mr. Ho's counsel as of July 27, 2021.  *See* Order. Therefore, proper service established personal jurisdiction over Mr. Ho as of the effective date of service.[4]  Accordingly, the court denies the motion to dismiss under USCIT Rule 12(b)(2) and exercises personal jurisdiction over Mr. Ho before turning to the motion to dismiss under USCIT Rule 12(b)(6).  *See En Vogue*, 843 F. Supp. at 841-42 (citing *Arrowsmith*, 320 F.2d at 221).

## II.   Motion to dismiss for failure to state a claim upon which relief can be granted under USCIT Rules 12(b)(6) and 9(b)

For the following reasons, the court denies in part and grants in part the motion to dismiss under USCIT Rule 12(b)(6).  However, as noted *infra* Section III, the court allows plaintiff leave to amend its complaint.

---

[4] Mr. Ho does not contest personal jurisdiction on any other grounds.  *See* Def. Mot. Dismiss at 3-4.

### A.    Legal framework

Section 1592 of Title 19 of the U.S. Code prohibits the entry, introduction or attempted entry or introduction of merchandise into U.S. commerce by fraud, gross negligence or negligence through materially false information or material omission, as well as the aiding and abetting of such entry.  19 U.S.C. § 1592(a)(1)(A)-(B).  As such, a person can be held liable for their own violation of § 1592 or for aiding and abetting another's violation of § 1592.  *Id.*; *see Trek Leather, Inc.*, 767 F.3d at 1299 (holding that a defendant was liable "because he personally committed a violation of subparagraph (A)," not because of his position as a corporate officer) (citing *United States v. Matthews*, 31 CIT 2075, 2082-83, 533 F. Supp. 2d 1307, 1314 (2007), *aff'd*, 329 F. App'x 282 (Fed. Cir. 2009); *United States v. Appendagez, Inc.*, 5 CIT 74, 79-80, 560 F. Supp. 50, 54-55 (1983)).

"A Section 1592(a) claim must contain sufficient factual matter showing that a person entered, introduced[] or attempted to enter or introduce merchandise into the commerce of the United States through making either a material and false statement, document, or act, or a material omission."  *Greenlight II*, 44 CIT at __, 466 F. Supp. 3d at 1265 (citing 19 U.S.C. § 1592(a)(1)(A)(i)-(ii); *United States v. Inn Foods, Inc.*, 560 F.3d 1338, 1343 (Fed. Cir. 2009)); *see also Trek Leather, Inc.*, 767 F.3d at 1297 ("Deciding whether a defendant is liable requires applying each subparagraph's language specifying the proscribed actions or omissions to determine if the defendant's conduct is within the proscriptions."); *United States v. Sterling Footwear, Inc.*, 41 CIT __, __, 279 F. Supp. 3d 1113, 1132 (2017) ("[O]ne who misclassifies merchandise (or

causes merchandise to be misclassified) in a document prepared for the purpose of

entering goods which that person causes to be shipped to, and unloaded at, a U.S. port,

falls within the ambit of the term 'introduce.'") (citing *United States v. Twenty-Five*

*Packages of Pan. Hats*, 231 U.S. 358, 361 (1913); *Trek Leather, Inc.*, 767 F.3d at 1298-

99). "Material" is defined as having "the natural tendency to influence or [being] capable

of influencing agency action including . . . [d]etermination of the classification,

appraisement, or admissibility of merchandise . . . ." 19 C.F.R. Pt. 171, App. B(B);

*accord United States v. Optrex Am., Inc.*, 32 CIT 620, 631, 560 F. Supp. 2d 1326, 1336

(2008).

There are "three degrees of culpability" for a violation of § 1592: (1) negligence,

where an act is committed (or omitted) by a "failure to exercise reasonable care and

competence: (a) to ensure that statements made and information provided in

connection with the importation of merchandise are complete and accurate; or (b) to

perform any material act required by statute or regulation"; (2) gross negligence, where

an act is committed or omitted "with actual knowledge of or wanton disregard for the

relevant facts and with indifference to or disregard for the offender's obligations under

the statute"; and (3) fraud, where "a material false statement, omission, or act in

connection with the transaction [i]s committed (or omitted knowingly, i.e., [] done

voluntarily and intentionally, as established by clear and convincing evidence." 19

C.F.R. Pt. 171, App. B(C)(1)-(3). Plaintiff has the following burdens of proof: (1) for

negligence, to "establish the act or omission constituting the violation, and the alleged

violator shall have the burden of proof that the act or omission did not occur as a result

of negligence"; (2) for gross negligence, to "establish all the elements of the alleged

violation"; and (3) for fraud, "to establish the alleged violation by clear and convincing

evidence."  19 U.S.C. § 1592(e)(2)-(4).

### B.    Analysis

The court concludes that the complaint alleges sufficient facts as to Mr. Ho's

potential personal liability for the entry, introduction or attempt to enter or introduce the

HID headlight conversion kits by way of a material and false statement.  *See* 19 U.S.C.

§ 1592.  However, the court is unable to reasonably infer knowledge or intent for a

violation of § 1592 based on fraud under USCIT Rule 9(b).  *See Exergen Corp.*, 575

F.3d at 1327.

### 1.    Allegations of personal liability

The complaint alleges sufficiently Mr. Ho's personal liability.  As noted above, the

complaint must detail "the who, what, when, where, and how of the alleged fraud."

*Greenlight II*, 44 CIT at __, 466 F. Supp. 3d at 1263 (quoting *Exergen Corp.*, 575 F.3d

at 1327 (citation omitted)).

The U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") and this

Court have examined previously the pleading of fraud under § 1592 in various cases,

thereby providing examples of the extent and nature of factual allegations sufficient to

plead fraud with particularity.

In *Exergen*, the Federal Circuit determined whether inequitable conduct was

sufficiently pleaded under FRCP 9(b) — the rule parallel to USCIT Rule 9(b) — in a

patent law case.  575 F.3d at 1325-31.  The Federal Circuit held that the pleading did

not include the requisite "who," "what," "where," "why" and "how" facts because it did not

name a specific individual or identify certain patent-related claim limitations or where

material information was located.  *Id.* at 1329-30.[5]

      In *NYWL I*, a decision involving a motion for entry of default judgment, the court

found that the complaint included the requisite facts as to materially false statements

because the complaint included the dates, entries and location of the entries of

merchandise and the incorrect and correct classification information.  44 CIT at __, 476

F. Supp. 3d at 1399.  However, the motion was denied because sufficient factual

allegations were not pleaded as to the defendant's knowledge in that case.  *See id.* at

1399-1400; *infra* Section II.B.2.  Subsequently, on a second motion for entry of default

judgment, following the filing of an amended complaint in that case, the court again

found adequate specificity as to the "falsity and materiality" of the incorrect

classifications based on the inclusion of the date, the entries, their documentation, the

port of entry and the correct and incorrect classification information.  *NYWL II*, 45 CIT at

__, 503 F. Supp. 3d at 1379.

      In *Islip*, the court found that fraud had been pleaded with sufficient particularity

under USCIT Rule 9(b).  22 CIT at 853, 18 F. Supp. 2d at 1051.  In that case, the

complaint "accuse[d] Defendant of knowingly placing, or causing others to place, false

---

[5] *See infra* Section II.B.2 for a discussion of the *Exergen* court's determination that there had also been insufficient pleading of the conditions of mind.  *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329-30 (Fed. Cir. 2009) ("[T]he allegations are deficient with respect to both the particularity of the facts alleged and the reasonableness of the inference of scienter.").

country of origin markings on merchandise entering the United States through the port

of Buffalo from Canada from September 11, 1987, through August 27, 1992, by means

of 390 entries identified in Plaintiff's Exhibit A." *Id.* at 870, 18 F. Supp. 2d at 1063. The

court found this information to suffice for the "who," "where," "what" and "when" details.

*Id.* In addition, the court determined that grouping the defendants together and

accusing them of the same acts still satisfied USCIT Rule 9 because the individual in

question was specifically accused. *Id.* at 871, 18 F. Supp. 2d at 1064 ("[T]he fact

remains that the Complaint does, as the Rule requires, accuse Brown of participating in

particular fraudulent acts, at particular times and in particular circumstances."). *But see*

*United States v. Greenlight Organic, Inc.* ("*Greenlight I*"), 43 CIT __, __, 419 F. Supp. 3d

1298, 1305 (2019) (stating that the plaintiff did not "identify or attribute to a specific

Defendant who made what statements that were false and material, or critically, the

degree of each Defendant's participation in the fraudulent scheme" when referring

simultaneously to various actors in allegations).

        In *United States v. Scotia Pharmaceuticals Ltd.*, 33 CIT 638, 644 (2009), the

court held that a complaint alleging a violation of 19 U.S.C. § 1592 for the attempted

introduction of evening primrose oil failed to meet even the general pleading standard,

on a motion for default judgment. There, the complaint did not "attribute to [a certain

defendant] an act or omission punishable under § 1592" and otherwise "refer[red] to the

'defendants' only collectively." *Id.* at 644-45 (reciting that the complaint stated that

"defendants entered, introduced, or attempted to enter or introduce, or aided or abetted

another to enter or introduce or attempt to enter or introduce" the merchandise). The

court also determined that the complaint "makes no allegation as to what [one

defendant] did in furtherance of the scheme and fails to link [that defendant] to any of

the fifty-two entries." *Id.* at 644.  The court referred to the assertions as "nothing more

than a formulaic recitation of the elements of a cause of action" under the statute.  *Id.* at

645.[6]

   In the instant case, as in *NYWL I*, *NWYL II* and *Islip*, the Government provides

"the who, what, when, where, and how of the alleged fraud."  *Greenlight II*, 44 CIT at __,

466 F. Supp. 3d at 1263 (quoting *Exergen Corp.*, 575 F.3d at 1327 (citation omitted)).

The "who" is defined as "ATRIA and HO."  Compl. ¶¶ 6, 8.  Unlike in *Exergen*, Mr. Ho is

named specifically in the complaint.  *Compare id.*, *with Exergen Corp.*, 575 F.3d at 1329

(naming "Exergen, its agents and/or attorneys" (quoting Answer ¶¶ 40, 43, *Exergen*

*Corp. v. Wal-Mart Stores, Inc.*, No. 01-cv-11306 (D. Mass. Sept. 6, 2002), ECF No. 51)).

The "what" is defined as the "HID headlight conversion kits . . . identified by entry

number D53-141064604-0l" and "entry number D53-1410799-01."  Compl. ¶¶ 6, 8.  The

"when" is defined as March 20, 2014, and March 29, 2014.  *Id.*  The "where" is

described as the Area Port of San Francisco.  *Id.*  Last, the "how" is that the defendants

"attempted to enter, or attempted to cause to be entered," the kits, and falsely "declared,

---

[6] In that case, plaintiff amended its complaint and therein alleged in more detail what
that defendant, Callanish Ltd., did in violation of § 1592; however, the court determined
that the first amended complaint lacked a sufficient pleading of the value of the
merchandise for the penalty amount.  *See United States v. Callanish Ltd.*, 34 CIT 1423,
1424-28 (2010).  *See generally United States v. Callanish Ltd.*, 37 CIT 462, 465 (2013)
(holding that the second amended complaint pleaded sufficient allegations as to aiding
and abetting a violation of § 1592 by fraud).

or caused to be declared," the kits to be classifiable under a specific HTSUS

subheading.  *Id.* ¶¶ 6-9.

     As in *Islip*, plaintiff in this case refers to both Atria Corporation and Mr. Ho by

name in the complaint.  *See* 22 CIT at 871, 18 F. Supp. 2d at 1064; *see, e.g.*, Compl. ¶¶

6-11.  Unlike in *Scotia*, the complaint in this case names Mr. Ho explicitly in describing

the facts and counts when alleging fraud, instead of naming "defendants" collectively.

*Compare* Compl. ¶¶ 6-11, 18-19, 21-22, 24-25, *with Scotia*, 33 CIT at 644-46.

Therefore, specific acts or omissions under § 1592 are attributed to Mr. Ho by name,

leaving no room for speculation, unlike in *Scotia*, as to Mr. Ho's involvement in and

connection to attempting to make the HID headlight conversion kit entries.  *Compare*

Compl. ¶¶ 6-11, 18-19, 21-22, 24-25, *with Scotia*, 33 CIT at 644-46.  Unlike in

*Greenlight I*, plaintiff in this case does not refer to other agents of Atria Corporation, but

names only Atria Corporation and Mr. Ho.  *See* 43 CIT at __, 419 F. Supp. 3d at 1305

("Plaintiff combines Greenlight, Aulakh, [] 'and other Greenlight agents' together to

allege that they 'knowingly made material false statements' about the classification and

value of the subject merchandise." (citing First Am. Compl. ¶¶ 6-8, 10-16, 24, ECF No.

111)).  Moreover, unlike in *Greenlight I*, plaintiff does not allege actions taken by Atria

Corporation under Mr. Ho's direction, but rather alleges actions taken by both Atria

Corporation and Mr. Ho.  *Compare id.* ("Absent adequate facts supporting the fraud

allegations, Plaintiff cannot impute knowledge to Aulakh merely by virtue of his position

of power and influence over Greenlight." (citing *Exergen Corp.*, 575 F.3d at 1327 &

n.4)), *with* Compl. ¶¶ 6-11 (presenting facts in each paragraph about actions taken by "ATRIA and HO").

The complaint alleges actions that Mr. Ho took personally, thereby providing a basis for liability not based merely on his status as an officer or director. *See, e.g.*, Compl. ¶ 9 (stating that Mr. Ho "declared, or caused to be declared," that the merchandise was classifiable under a specific HTSUS subheading, "knowing that this declaration was not true"). In *Trek Leather*, the court "[did] not hold [the defendant] liable because of his prominent officer or owner status in a corporation that committed a subparagraph (A) violation. [The court held] him liable because he personally committed a violation of subparagraph (A)." 767 F.3d at 1299. Similarly, Mr. Ho's liability here is alleged based on his personal actions, as detailed in the complaint in this case. *See, e.g.*, Compl. ¶ 9.

Last, an "asserted classification of merchandise in entry paperwork 'constitutes a material statement under the statute.'" *NYWL I*, 44 CIT at __, 476 F. Supp. 3d at 1399 (quoting *Optrex. Am., Inc.*, 32 CIT at 631, 560 F. Supp. 2d at 1336); *see also Sterling*, 41 CIT at __, 279 F. Supp. 3d at 1132 (noting classification for entry of merchandise at a U.S. port comes within the meaning of the term "introduce"). Mr. Ho's alleged declarations and statements regarding classification would be, therefore, a material introduction under § 1592(a)(1)(A). *See* Compl. ¶¶ 7, 9-11.

Accordingly, the court concludes that the complaint provides sufficient factual allegations as to Mr. Ho's personal liability for the entry, introduction or attempt to enter or introduce the HID headlight conversion kits by way of a material and false statement.

### 2.    Allegations for the culpability level of fraud

The court concludes that there are insufficient factual allegations as to Mr. Ho's

knowledge and intent to allege a violation of § 1592 based on fraud.  "Although

'knowledge' and 'intent' may be averred generally, [Federal Circuit] precedent, like that

of several regional circuits, requires that the pleadings allege sufficient underlying facts

from which a court may reasonably infer that a party acted with the requisite state of

mind."  *Exergen Corp.*, 575 F.3d at 1327 (footnote omitted); *see also In re BP*

*Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011) ("*Exergen*'s pleading

requirements apply to all claims under Rule 9(b), not just inequitable conduct cases.").

With respect to fraud, the allegations in the instant complaint provide little factual basis

to support that the misclassifications were made knowingly.  The decisions of this Court

make clear that plaintiff's complaint fails to plead sufficient factual allegations for the

culpability level of fraud.  *See, e.g.*, *Exergen Corp.*, 575 F.3d at 1325-31 (insufficient

allegations); *Matthews*, 31 CIT at 2081-82, 533 F. Supp. 2d at 1313 (sufficient

allegations); *NYWL I*, 44 CIT at __, 476 F. Supp. 3d at 1399-1400 (insufficient

allegations); *NWYL II*, 45 CIT at __, 503 F. Supp. 3d at 1380 (sufficient allegations);

*Greenlight I*, 43 CIT at __, 419 F. Supp. 3d at 1304-05 (insufficient allegations);

*Greenlight II*, 44 CIT at __, 466 F. Supp. 3d at 1266 (sufficient allegations); *Islip*, 22 CIT

at 871, 18 F. Supp. 2d at 1064 (sufficient allegations); *United States v. Am. Cas. Co. of*

*Reading Pa.*, 39 CIT __, __, 91 F. Supp. 3d 1324, 1335-36 (2015), *as amended* (Aug.

26, 2015) (sufficient allegations).

Plaintiff relies in part on two cases — *United States v. Rotek, Inc.*, 22 CIT 503 (1998), and *United States v. International Trading Services, LLC*, 40 CIT __, 190 F. Supp. 3d 1263 (2016) — to argue that the complaint pleads sufficiently the allegations based on fraud.  *See* Pl. Opp'n at 8-9 (citing *Rotek, Inc.*, 22 CIT at 513; *Int'l Trading Servs., LLC*, 40 CIT at __, 190 F. Supp. 3d at 1273).  Specifically, plaintiff notes that the court in *Rotek* held: "[T]he Complaint alleges that Rotek negligently made 132 entries of merchandise at various ports by means of false statements and omissions.  This is all that is required to state a claim pursuant to § 1592."  *Id.* (quoting *Rotek, Inc.*, 22 CIT at 513).  In *Rotek*, however, the complaint alleged a violation of § 1592 based on negligence instead of fraud.  22 CIT at 507 (noting that the government alleged liability for a penalty under § 1592(c)(3) — corresponding to negligence — "as a result of Rotek's negligence").   Similarly, in *International Trading Services*, the complaint was based on negligence.  40 CIT at __, 190 F. Supp. 3d at 1273 ("Here, the complaint alleges that Lorza negligently made eight entries of merchandise by means of material false statements or omissions.").

In this case, the complaint alleges a violation of § 1592 based on fraud, or, in the alternative, either gross negligence or negligence.  Compl. ¶ 1.  Therefore, neither *Rotek* nor *International Trading Services* addresses the sufficiency of the pleading at the level of culpability for fraud that defendant challenges in its motion to dismiss.  *See* Def. Mot. Dismiss at 6-8.

In *Exergen*, in addition to finding insufficient factual details as discussed *supra* Section II.B.1, the Federal Circuit found that the facts did not support "a reasonable

inference of scienter" as to inequitable conduct.  575 F.3d at 1330.  As to knowledge, the court stated that there was "no factual basis to infer that any specific individual" knew of the material information at issue.  *Id.*  The court explained further that even if an individual knew of the existence of certain withheld patent references,[7] which could be "many pages long," that individual might not know whether such information was included somewhere therein.  *Id.*  Moreover, the court found that the government did not show that an individual at Exergen who made an alleged misrepresentation was aware that a company website contained potentially contrary information to that included in the statement that individual made.  *Id.* ("As for the alleged misrepresentation, any knowledge of its alleged falsity is similarly deficient.").

        In *NYWL I*, the court denied entry of default judgment upon finding that the complaint failed to include the requisite facts as to the pleading of fraud when the complaint alleged insufficiently that the defendant had knowledge of the merchandise and its intended use and that the defendant made voluntarily and intentionally the materially false statements.  44 CIT at __, 476 F. Supp. 3d at 1399-1400 ("Plaintiff's

---

[7] In a patent case, a "reference" entails "[i]nformation . . . that a patent examiner considers to be anticipatory prior art or proof of unpredictability in the art that forms a basis for one or more of an applicant's claims to be rejected."  *Reference*, BLACK'S LAW DICTIONARY (11th ed. 2019).  The court in *Exergen* stated: "To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation."  *Exergen Corp.*, 575 F.3d at 1318 (quoting *Finisar Corp. v. DirecTV Group, Inc.,* 523 F.3d 1323, 1334 (Fed. Cir. 2008)).  In addition, the court explained that, as related to FRCP 9(b), "[t]he relevant 'conditions of mind' for inequitable conduct include: (1) knowledge of the withheld material information or of the falsity of the material misrepresentation, and (2) specific intent to deceive the [U.S. Patent and Trademark Office]."  *Id.* at 1327 (citing *Hebert v. Lisle Corp.,* 99 F.3d 1109, 1116 (Fed. Cir. 1996); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995)).

Complaint lacks the factual allegations that would permit the court reasonably to infer that NYWL knowingly misclassified the 107 entries.").  The court stated that the complaint's allegations as to knowledge of the use of the merchandise did not "support the plausible inference" that the defendant knew that the classification of the merchandise was incorrect.  *Id.* at __, 476 F. Supp. 3d at 1400 (citing *Iqbal*, 556 U.S. at 678).  Subsequently in *NYWL II*, the court found that the pleading standard for culpability based on fraud had been met in the amended complaint, which "demonstrate[d] NYWL's knowledge through allegations concerning the importing history of NYWL's sole corporate executive . . . in connection with his previous companies."  45 CIT at __, 503 F. Supp. 3d at 1379.[8]

As noted above, the court in *Islip* determined that there were sufficient allegations in the complaint to survive a motion to dismiss.  22 CIT at 853, 18 F. Supp. 2d at 1051.  The court in *Islip* viewed the complaint to have "more than enough specific allegations of fraud" because the complaint included allegations about the defendant giving employees orders and instructions about mismarking merchandise and lying to Customs, and "false documents were filed, all in the pursuit of reduced duty rates." *Id.* at 871, 18 F. Supp. 2d at 1064 ("Although Rule 9(b) states that intent 'may be averred generally,' courts have required plaintiffs to provide a strong inference of fraudulent

---

[8] The court concluded that there was liability based on the factual allegations pleaded: "The Government's allegations are sufficient for the court to infer that NYWL knew the correct classification for its entries of coaxial cable prior to its first entry yet knowingly misclassified its entries under the same incorrect tariff provisions that [NYWL's executive's other corporations] had used."  *United States v. NYWL Enters. Inc.* ("*NYWL II*"), 45 CIT __, __, 503 F. Supp. 3d 1373, 1380 (2021).

intent." (citing Compl. ¶¶ 12, 15-19; *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*,

117 F.3d 655, 663-64 (2d Cir. 1997))).  In *Islip*, however, the court noted that the filing of

false documents and the orders and instructions that the defendant gave to employees

in that case provided a "level of specificity that goes well beyond the general 'time,

place, and contents' pleading requirement" for fraud.  *Id.* at 870, F. Supp. 2d at 1063.[9]

So, the conclusion that fraudulent intent had been sufficiently pleaded was based

explicitly on the fact that the complaint included more allegations than necessary.  *See*

*id.*

In *Greenlight II*, the court found that fraud was sufficiently pleaded based on the

complaint's inclusion of "facts detailing Defendants' fraudulent misclassification and

undervaluation activities" and description of "the particulars of the fraudulent importation

scheme," including a double invoicing and payment mechanism, the defendant's

knowledge of a difference in invoice values and the names of the individuals with whom

the defendant worked.  44 CIT at __, 466 F. Supp. 3d at 1266.[10]  Further, in *Matthews*,

the court granted a motion for summary judgment where "communications with []

Korean companies demonstrate[d] beyond refute [that the defendants] were not only

aware of the Chinese origin of the silicon metal they were importing and the additional

---

[9] Mr. Ho referenced in detail the defendant's instructions in that case in his motion to dismiss.  *See* Def. Mot. Dismiss at 8 (quoting *United States v. Islip*, 22 CIT 852, 870-71, 18 F. Supp. 2d 1047, 1063-64 (1998).

[10] "The Government's Second Amended Complaint provides sufficient factual precision to satisfy 'the who, what, when, where, and how' standard for particularity under Rule 9(b)."  *United States v. Greenlight Organic, Inc.* ("*Greenlight II*"), 44 CIT __, __, 466 F. Supp. 3d 1260, 1266 (2020) (citing *Exergen Corp.*, 575 F.3d at 1327).

duties that were owed to the United States, but also made specific efforts to disguise

the true origin from the government."  31 CIT at 2081-82, 533 F. Supp. 2d at 1313.

Last, on a motion to dismiss in *American Casualty Co.*, the court found that a

complaint pleaded fraud with particularity as to the country of origin of the crawfish at

issue based on a collection of facts, including: (a) a declaration concerning a

conversation in which the defendant was told that the crawfish at issue was from China

and not Thailand, as declared; (b) a contract in which the defendant secured a supply of

Chinese crawfish; (c) a letter to Customs stating that the crawfish came from Thailand;

and (d) the knowing filing with Customs of various letters and an invoice that incorrectly

included Thailand as the country of origin.  39 CIT at __, 91 F. Supp. 3d at 1335-36.[11]

The court added: "Moreover, Plaintiff pled fraud with particularity, because the complaint

detailed the identity of the person who made the fraudulent statement; the time, place,

and content of the misrepresentation; the resulting injury; and the method by which the

---

[11] The court stated:

> [G]iven that [an association and a defendant] previously signed a contract
> for the supply of "Chinese [c]rawfish [t]ail [m]eat," and that the court
> construes the facts in the light most favorable to the plaintiff in reviewing a
> motion to dismiss, the court finds that Customs pled knowledge and intent
> with enough particularity that its fraud claim survives the Motion to Dismiss.

*United States v. Am. Cas. Co. of Reading Pa.*, 39 CIT __, __, 91 F. Supp. 3d 1324,
1335 (2015), *as amended* (Aug. 26, 2015) (third, fourth and fifth alterations in original)
(citing Pl.'s Opp'n to Mot. to Dismiss Purchase Agreement between POPCA and Rupari,
Ex. 10, at 13, ECF No. 94-6; *Bank of Guam v. United States*, 578 F.3d 1318, 1326 (Fed.
Cir. 2009)).

misrepresentation was communicated." *Id.* (citing *Islip*, 22 CIT at 869, 18 F. Supp. 2d at 1063), *as amended* (Aug. 26, 2015).

Plaintiff's allegations in this case do not need to provide the same level of detail as in *Islip* to meet the pleading standard for fraud under § 1592.  However, a complaint must still provide sufficient allegations for the court to reasonably infer the defendant's state of mind.  *Exergen Corp.*, 575 F.3d at 1327; *see also Islip*, 22 CIT at 871, 18 F. Supp. 2d at 1064 (citing *Campaniello Imports, Ltd.*, 117 F.3d at 663-64).  In this case, the court concludes that the complaint does not meet this threshold.

The complaint here alleges certain actions by Mr. Ho in relation to the entries at issue.  Compl. ¶¶ 6-11.  Specifically, the complaint describes the circumstances of the entries and alleges that Mr. Ho made classification declarations with the wrong classifications, knowing those declarations to be untrue.  *Id.* ¶¶ 6-9.  In addition, the complaint alleges that Mr. Ho "submitted, or caused to be submitted, to [Customs] documents which falsely described the HID headlight conversion kits as ballasts for interior track lighting fixtures."  *Id.* ¶ 10.  Further, the complaint alleges that the "false declarations and statements . . . were intended to affect determinations made by [Customs] concerning the admissibility of the merchandise into United States commerce."  *Id.* ¶ 11.  Accordingly, unlike in *Scotia*, the statement in the complaint about Mr. Ho's submission of documentation with a false description is not merely formulaic; the statement provides some information about the actual merchandise and the false description thereof.  *Compare* Compl. ¶¶ 7, 9-10, *with Scotia*, 33 CIT at 644.

Nevertheless, in contrast to the factual allegations sufficiently alleging fraud in other cases discussed above, the allegations in the instant complaint provide little factual basis to support that the misclassifications were made knowingly.  For example, unlike in *NYWL II*, in which the court granted an entry of default judgment, the complaint here does not include allegations about Mr. Ho's prior importing history in connection with other companies to show his knowledge of the fraud.  *See* 45 CIT at __, 503 F. Supp. 3d at 1379.  Similarly, unlike in *American Casualty Co.* and *Matthews*, the complaint in this case alleges that defendant provided the wrong classification and a false description of the merchandise but does not provide factual bases to show defendant's awareness of the actual nature of the merchandise or other actions taken to conceal such nature, respectively.  *Compare Am. Cas. Co. of Reading Pa.*, 39 CIT __, 91 F. Supp. 3d at 1335, *and Matthews*, 31 CIT at 1312, 533 F. Supp. 2d at 2080-81, *with* Compl. ¶¶ 7, 9-10.  No further actors involved were referenced in the complaint, unlike in *Greenlight II*.  44 CIT at __, 466 F. Supp. 3d at 1263 (noting identification of colleagues with whom the defendant carried out the alleged fraud).  In addition, no double-invoicing scheme or other facts supporting knowledge were alleged in the complaint in this case.  *See Greenlight II*, 44 CIT at __, 466 F. Supp. 3d at 1262-63.

Even in *Islip* and *American Casualty Co.*, which note the filing of false documents, the courts referenced other facts to support their respective denials of the motions to dismiss.[12]  *See Am. Cas. Co. of Reading Pa.*, 39 CIT __, 91 F. Supp. 3d at

---

[12] In *Islip*, the court noted that there were "more than enough specific allegations of fraud."  22 CIT at 871, 18 F. Supp. 2d at 1064.

1335 (noting a contract for Chinese crawfish); *Islip*, 22 CIT at 871, 18 F. Supp. 2d at 1064 (raising an order to mismark merchandise and an instruction that employees lie to Customs).

The allegations in the complaint as to Mr. Ho's declaration of the wrong classifications and submission of documents with a false description alone do not allow the court to "reasonably infer" defendant's knowledge in violation of § 1592 to the degree of fraud of the introduction of the HID headlight conversion kits. *See Greenlight II*, 44 CIT at __, 466 F. Supp. 3d at 1263 ("Although intent and knowledge may be pled with generality, the pleading must contain 'sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" (quoting *Exergen Corp.*, 575 F.3d at 1327) (citing *AT & T, Inc.*, 791 F.3d at 123-24))); *Islip*, 22 CIT at 871, 18 F. Supp. 2d at 1064 (noting that "courts have required plaintiffs to provide a strong inference of fraudulent intent") (citing *Campaniello Imports, Ltd.*, 117 F.3d at 663-64); *see also NYWL I*, 44 CIT at __, 476 F. Supp. 3d at 1400 (citing *Iqbal*, 556 U.S. at 678). Specifically, plaintiff does not point to any particular facts to allow the court to reasonably infer defendant's knowledge despite plaintiff's claim that Mr. Ho knew his declarations to be untrue. *See* Compl. ¶¶ 7, 9.

Accordingly, the court concludes that the complaint does not provide sufficient factual allegations as to defendant's state of mind.

## III. Leave to amend the complaint

The court gives plaintiff leave to amend the complaint. USCIT Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written

consent or the court's leave.  The court should freely give leave when justice so

requires."  Still, "the Court must also consider whether there was undue delay, bad faith

or dilatory motive on the part of the Plaintiff, undue prejudice to the opposing party, a

repeated failure to cure deficiencies by amendments previously allowed, and futility of

amendment." *Am. Cas. Co. of Reading Pa.*, 39 CIT at __, 91 F. Supp. 3d at 1333

(citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

      The court does not identify any "undue delay, bad faith or dilatory motive" on the

part of plaintiff.  *Id.* (citing *Foman*, 371 U.S. at 182).  In addition, Mr. Ho has not alleged

that he would be unduly prejudiced by any such amendment.  *See id.* ("[T]o

demonstrate prejudice, Defendant 'must show that it was unfairly disadvantaged or

deprived of the opportunity to present facts or evidence which it would have offered had

the amendment been timely.'" (quoting *Ford Motor Co. v. United States*, 19 CIT 946,

956, 896 F. Supp. 1224, 1231 (1995))).  As this would be the first amendment to the

complaint, there has not been a "repeated failure to cure deficiencies."  *Id.* (citing

*Foman,* 371 U.S. at 182).

      Last, an amendment to the complaint to plead sufficient facts as to fraud would

not be futile; the information provided in the complaint makes it apparent that there may

have been fraud, even though the complaint fails to plead sufficient conditions of mind

as to fraud.  *See Greenlight I*, 43 CIT at __, 419 F. Supp. 3d at 1306 ("Generally, courts

should allow repleading if the complaint gives any indication that a valid claim might be

stated." (citing *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed. Cir.

2014)).  In addition, court records from the U.S. District Court for the Northern District of

California indicate that Mr. Ho pleaded guilty to one count of smuggling into the United

States, 18 U.S.C. § 545, for "fraudulently and knowingly" importing HID ballasts.

Indictment at 3, *United States v. Chu-Chiang Ho*, No. 19-cr-00125 (N.D.C.A. 2021),

ECF No. 1; Stipulation and Order Dismissing Counts Two Through Seven ¶ 1, *United

States v. Chu-Chiang Ho*, No. 19-cr-00125 (N.D.C.A. 2021), ECF No. 52.  Moreover,

this court has ordered a stipulation in a related case in which the parties jointly stipulate

to, among other things, Mr. Ho's knowledge since 2005 of the illegality of importing HID

headlight conversion kits following his submission of a report to the Government as well

as his efforts to avoid being caught importing such merchandise.  *See* Parties' Joint

Stipulation of Facts as to Liability ¶¶ 5, 8-9, *United States v. Chu-Chiang Ho*, No. 19-cv-

00102 (Ct. Int'l Trade Sept. 14, 2021), ECF No. 24.[13]

These court records demonstrate that it was quite possible that Mr. Ho knew that

it was illegal to import HID headlight conversion kits.  Therefore, amendment of the

complaint would likely not be futile.

## CONCLUSION AND ORDER

The court denies defendant's motion to dismiss for lack of personal jurisdiction

and denies in part and grants in part defendant's motion to dismiss for failure to state a

claim, with leave for plaintiff to file an amended complaint.

For the foregoing reasons, it is hereby

---

[13] A motion to join four companies as defendants or consolidate the instant case with *United States v. Chu-Chiang Ho* (Ct. Int'l Trade No. 19-cv-00102) is pending before this court.  *See* Pl.'s Mot. Join Defs., Or Alternatively, Consolidate Related Cases, ECF No. 15.

**ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction pursuant to USCIT Rule 12(b)(2) is **DENIED**; it is further

**ORDERED** that the motion to dismiss for failure to state a claim pursuant to USCIT Rule 12(b)(6) is **DENIED IN PART** and **GRANTED IN PART**; and it is further

**ORDERED** that plaintiff shall have 45 days following the date of this Opinion and Order, to file an amended complaint pursuant to USCIT Rule 15(a)(2).


                                                              /s/      Timothy M. Reif
                                                              Timothy M. Reif, Judge


Dated:     July 12, 2022
                New York, New York