**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>CHU-CHIANG "KEVIN" HO,<br>WINTIS CORPORATION, SHIP<br>COMMUNICATIONS, INC.,<br>AELIS NOVA, LLC, and<br>MADERDOVE, LLC,<br><br>    Defendants. | Court No. 19-00038 |

## **STATUS REPORT**

Pursuant to the Court's Orders of September 22, 2022, December 23, 2022, March 23, 2023, June 27, 2023, and December 26, 2023, and Rules 1 and 7 of the Rules of the United States Court of International Trade (USCIT R.), Defendants CHU-CHUANG "KEVIN" HO and ATRIA CORPORATION respectfully submit this status report. This status report also applies to circumstances underlying resolution of the companion case, United States v. Chu-*Chuang "Kevin" Ho, et. al.*, Ct. of Int'l Trade No. 19-00102 (HO II). Counsel

for the United States has reviewed this pleading and has authorized the Defendants to make these representations on Plaintiff's behalf.

I.  **BACKGROUND**

On March 14, 2019, a Federal grand jury seated in the Northern District of California returned an indictment (Indictment) against HO, charging him with seven counts of section 545 of Title 18 ("Smuggling Goods into the United States").  See United States v. Ho, Rec. Doc. 1, N.D. Ca. No. 4:19-cr-00125. The Indictment alleges that on seven separate occasions from 2014 through 2016, HO, through Atria Corporation and Wintis Corporation, "fraudulently and knowingly imported into the United States" illegal high intensity discharge lights and supporting equipment (HID Kits).  Id. at ¶¶ 5, 6, 14.

The conduct underlying the charges in the Indictment involves the same conduct charged in HO II and in this case.  Mirroring the allegations in the Indictment, this case relates to HO's attempts to smuggle illegal HID Kits through Atria Corporation.  See Rec. Doc. ¶¶ 10-31.  Also mirroring allegations in the Indictment, HO II centers upon HO's illegal importation of high intensity discharge kits and related equipment (HID Kits) through several companies.  HO II, Rec. Doc. 2, ¶¶ 5-11.

The criminal case has been resolved by way of plea agreement which involved a conviction and a prison sentence.  HO has been released from incarceration and is serving out his sentence on probation.

The parties have met and conferred and are in agreement that both HO II and this case should be resolved by way of a stipulated judgment.  The only matter left for resolution is to arrive at a fair and equitable monetary judgment under the circumstances of this case and HO's obligations in the criminal case.

As a result of these discussions, the parties are at the following point in resolution of this civil matter:

1. HO anticipates he will be entering into a partial judgment in both this case and HO II as set forth in the earlier Status Report of July 27, 2021;

2. On May 23, 2023, the parties through counsel met and conferred in person and through Zoom regarding the amount of penalty to be paid under that judgment;

3. HO is also negotiating a payment schedule of the judgment stemming from the Indictment with the United States Attorney's office (USAO) in the Northern District of California – specifically, HO's forfeiture obligations in connection with his criminal conviction. As part of that resolution, and the assessment of a payment schedule, HO has submitted and attests to financial disclosure forms and documents regarding his financial condition. Participating attorneys at the USAO have reviewed these forms and they have formed the basis for a discussion of final resolution of both the criminal matter, this matter, and HO II.

4. To that end, HO has submitted detailed formal financial disclosures for presentation to both the AUSA in San Francisco in the criminal matter, and to the Department of Justice in this action.

5. All counsel are currently negotiating a global resolution and payment plan that will include both the criminal forfeiture obligations out of U.S. District Court for the Northern District of California and the anticipated civil resolution of these matters. As discussed above, Counsel attended an in-person and Zoom meeting on May 23, 2023, to discuss these matters further with great seriousness. During that meeting, counsel discussed further information necessary to provide to the AUSA in the Northern District and counsel for the

DOJ in this matter.  Counsel are collecting that information and will be circling back with the AUSA and DOJ within the next few weeks to conclude these discussion.

6. Accordingly, and consistent with the representations set forth in the prior status reports, HO has provided extensive financial disclosures and is coordinating with both the Department of Justice in this action and the probation office in the Northern District of California where Defendant's criminal conviction and judgment resides in order to arrive at a fair and equitable civil judgment and payment plan that is achievable and congruent.  The parties therefore request an additional three months from March 15, 2024, until June 14, 2024, in order to finalize these negotiations and resolutions.

## II.     **APPLICABLE LAW AND DISCUSSION**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248, 254 (1936).  "When and how to stay proceedings is within the sound discretion of the trial court."  Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (internal citations omitted).  A district court's discretion to stay civil proceedings applies "'when the interests of justice seem[] to require such action, sometimes at the request of the prosecution, . . . sometimes at the request of the defense[.]'"  Id.(quoting United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970) (citations omitted)); Landis, 299 U.S. at 254–55 (observing that a stay of proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance") (citations omitted).

In this matter, the parties are in agreement that judicial efficiency and economy will be served by continuing the current stay the litigation for an additional three (3) months while the parties pursue informally the negotiation of a stipulated civil judgment through comprehensive disclosures of financial information by HO, coordination with the USAO and the probation office in the Northern District of California, and direct negotiation by counsel of the appropriate civil judgment.

### III.   CONCLUSION

For the reasons stated above, the parties respectfully request that the Court continue to stay this matter and HO II for a period of three months to allow the parties to pursue the path to resolution discussed herein.

Respectfully submitted,

DATED:  March 15, 2024            RITT HODGES LLP

  /s/ D. Jay Ritt
_____
D. JAY RITT
65 North Raymond Ave., Suite 320
Pasadena, CA 91103
Tel:   (626) 685-2550
Email: ritt@rtthlaw.com

Attorneys for Defendant CHU-CHIANG "KEVIN" HO