**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>CHU-CHIANG "KEVIN" HO, and<br>ATRIA CORPPORATION<br><br>    Defendants. | Court No. 19-00038 |

## STATUS REPORT

Pursuant to the Court's Orders of September 22, 2022, December 23, 2022, March 23, 2023, June 27, 2023, December 26, 2023, March 20, 2024, and June 18, 2024, and Rules 1 and 7 of the Rules of the United States Court of International Trade (USCIT R.), Defendant CHU-CHUANG "KEVIN" HO respectfully submits this status report. This status report also applies to circumstances underlying resolution of the companion case, United States v. Chu-*Chuang "Kevin" Ho, et. al.*, Ct. of Int'l Trade No. 19-00102 (HO II). Counsel for the United States has reviewed this pleading and has authorized the Defendants to make these representations on Plaintiff's behalf.

1

**I.     BACKGROUND**

On March 14, 2019, a Federal grand jury seated in the Northern District of California returned an indictment (Indictment) against HO, charging him with seven counts of section 545 of Title 18 ("Smuggling Goods into the United States").  See United States v. Ho, Rec. Doc. 1, N.D. Ca. No. 4:19-cr-00125.  The Indictment alleges that on seven separate occasions from 2014 through 2016, HO, through Atria Corporation and Wintis Corporation, "fraudulently and knowingly imported into the United States" illegal high intensity discharge lights and supporting equipment (HID Kits).  Id. at ¶¶ 5, 6, 14.

The conduct underlying the charges in the Indictment involves the same conduct charged in HO II and in this case.  Mirroring the allegations in the Indictment, this case relates to HO's attempts to smuggle illegal HID Kits through Atria Corporation.  See Rec. Doc., ¶¶ 10-31.  Also mirroring allegations in the Indictment, HO I centers upon HO's illegal importation of high intensity discharge kits and related equipment (HID Kits) through several companies.  HO I, Rec. Doc. 2, ¶¶ 5-11.

The criminal case has been resolved by way of plea agreement which involved a conviction and a prison sentence.  HO has been released from incarceration and is serving out his sentence on probation.

The parties have met and conferred and are in agreement that both HO II and this case should be resolved by way of a stipulated judgment.  The only matter left for resolution is to arrive at a fair and equitable monetary judgment under the circumstances of these cases before the Court and HO's obligations in the criminal case.

As a result of these discussions, the parties are at the following point in resolution of this civil matter:

1. HO anticipates he will be entering into a partial judgment in both this case and HO I as set forth in the earlier Status Report of July 27, 2021.

2. Counsel conducted an in-person and Zoom meeting on June 14, 2024, where this matter was discussed at length. Prior to the meeting, counsel for HO sent a detailed letter confirming the parties' discussions to date and proposing a specific payment plan for resolution of all matters. That proposal was discussed at length during the parties' June 14, 2024 meeting/Zoom call. The parties all agreed that the June 14 meeting was extremely productive in moving toward a resolution contemplating the payment schedule proposed by HO's counsel, but also understanding that total liability has not yet been agreed upon in both cases before this Court.

3. HO is also negotiating a payment schedule of the judgment stemming from the Indictment with the United States Attorney's office (USAO) in the Northern District of California – specifically, HO's forfeiture obligations in connection with his criminal conviction. As part of that resolution, and the assessment of a payment schedule, HO has submitted and attests to financial disclosure forms and documents regarding his financial condition. Participating attorneys at the USAO have reviewed these forms and they have formed the basis for a discussion of final resolution of both the criminal matter, this matter, and HO II.

4. To that end, HO has submitted detailed formal financial disclosures for presentation to both the AUSA in San Francisco in the criminal matter, and to the trial attorney for the Civil Division at the Department of Justice in this action.

5. All counsel are currently negotiating a global resolution and payment plan that will include both the criminal forfeiture obligations out of U.S. District Court for the Northern District of California and the anticipated civil resolution of these matters. As discussed above, Counsel attended an in-person and Zoom

meeting on June 14, 2024, to discuss these matters further with great seriousness. It was discussed at that meeting that counsel for the Department of Justice would need to engage in various steps to determine and agree upon the contours of a stipulated judgment, including consulting with U.S. Customs and Border Protection, and that these steps might take up to ninety (90) days.

6.  Since that time, on September 12, 2024, counsel engaged in a Zoom meeting to follow up on their discussions over the last few months. During this meeting, counsel continued to represent that the parties were on a productive track to final resolution, and counsel for HO will be submitting a formal written proposal for consideration by DOJ. All counsel believe that the parties have arrived at a principled proposal which all parties anticipate and hope will lead to final resolution of both the civil and criminal matters, with the anticipation that the parties need an additional three (3) months for full consideration and approval by the DOJ.

7.  Accordingly, and consistent with the representations set forth in the prior status reports, the parties therefore request an additional three months from **September 16, 2024, to December 16, 2024**, in order to finalize these negotiations and agree upon potential resolutions.

## II.   APPLICABLE LAW AND DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "When and how to stay proceedings is within the sound discretion of the trial court." Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (internal citations omitted). A district court's discretion to stay civil proceedings applies "'when the interests of

4

justice seem[] to require such action, sometimes at the request of the prosecution, . . . sometimes at the request of the defense[.]'" Id.(quoting United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970) (citations omitted)); Landis, 299 U.S. at 254–55 (observing that a stay of proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance") (citations omitted).

In this matter, the parties are in agreement that judicial efficiency and economy will be served by continuing the current stay the litigation for an additional three (3) months while the parties pursue informally the negotiation of a stipulated civil judgment through direct negotiation by counsel of the appropriate civil judgment.

### III. **CONCLUSION**

For the reasons stated above, the parties respectfully request that the Court continue to stay this matter and HO II for a period of three months to allow the parties to pursue the path to resolution discussed herein.

Respectfully submitted,

DATED:  September 16, 2024         RITT HODGES LLP

/s/ D. Jay Ritt
_____
D. JAY RITT
65 North Raymond Ave., Suite 320
Pasadena, CA 91103
Tel:   (626) 685-2550
Email: ritt@rtthlaw.com

Attorneys for Defendant CHU-CHIANG "KEVIN" HO

5